GEORGE J. KEYES, Individually and as County Auditor of the County of Monroe, Appellant, *v.* COUNTY OF MONROE et al., Respondents.

(Argued March 18, 1936; decided April 15, 1936.)

*J. Emmett O'Brien* for appellant.

*Harry Rosenberg* and *Adolph J. Rodenbeck* for respondents.

FINCH, J. This is a companion case to that of *Morrall* v. *County of Monroe* (271 N. Y. 48), handed down herewith. All that has been said in that case applies here with equal force. In this case we are not concerned with a constitutional or even a legislative officer. The office of County Auditor was created by the Board of Supervisors of Monroe county pursuant to permissive authority granted by the Legislature. There is, therefore, not only no reference in the Constitution to the office of County Auditor but this office was not even created by the Legislature. All that the Legislature did was to grant permission to the Board of Supervisors

to create in their discretion such office and to fix the term thereof and the compensation therefor. (County Law [Cons. Laws, ch. 11], §§ 215, 216; Laws of 1910, ch. 152.)

The creation of the office of Monroe County Auditor being permissive, the Board of Supervisors after the creation of the office had the power to abolish it at any time. (*Smith* v. *City of New York*, 37 N. Y. 518; *People ex rel. Taylor* v. *Dunlap*, 66 N. Y. 162; *Koch* v. *Mayor*, 152 N. Y. 72; *Matter of Allison* v. *Welde*, 172 N. Y. 421.)

The Board of Supervisors was not hampered in its power to abolish the office by any provision of the Civil Service Law (Cons. Laws, ch. 7). The resolution of the Board of Supervisors creating the position of auditor placed it in the exempt class. (Civil Service Law, §§ 9 and 13.)

The County Auditor not being an elective officer did not have the benefit of the provision in the County Law which continued elective officials in office until the expiration of their terms. (County Law, art. 2-A, § 7-b.)

The office of Monroe County Auditor was abolished by inconsistent legislation providing for the new county form of government. This act covered the whole subject of the earlier statutes and rendered the office of County Auditor unnecessary. (*City of Buffalo* v. *Lewis*, 192 N. Y. 193.) Moreover, the Board of Supervisors acting within their right and duty abolished the office of County Auditor.

It follows that the judgment of the Appellate Division should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Judgment affirmed.