JAMES I. MORRALL, as County Treasurer of the County of Monroe, Appellant, *v.* COUNTY OF MONROE et al., Respondents.

(Argued March 18, 1936; decided April 15, 1936.)

*J. Emmett O'Brien* for appellant.

*Harry Rosenberg* and *Adolph J. Rodenbeck* for respondents.

FINCH, J.   A submission upon an agreed statement of facts was presented to the Appellate Division, fourth department, for the purpose of obtaining a judicial construction of the new amendment to the County Law (Cons. Laws, ch. 11, art. 2-A) in so far as it affects the office of County Treasurer.

The present County Treasurer of the county of Monroe was duly elected in 1932 for a term ending October, 1936. At the general election held in 1935 the county of Monroe adopted a County Manager form of government known as plan B, pursuant to the County Law (Art. 2-A; Laws of 1935, ch. 948). Following the election the Board of Supervisors appointed Clarence A. Smith County Manager for a term of four years and directed him to serve also as Director of Finance. The latter demanded that the plaintiff County Treasurer turn over the books, papers, records and moneys of the county. He refused, with the result that both claim to be the official entitled to perform the duties of County Treasurer. In this connection the statute provides that if at the election a majority vote in favor of the adoption of the plan, then it goes into effect upon the date designated in the petition or resolution, which in this case was January, 1936.   The statute further expressly prescribes that no elective official in office, "whose office will no longer be filled by election, shall be retired prior to the expiration of his term of office, but during his unexpired term shall perform such duties as may be assigned to him by the county   *   *   *   manager." (§ 7-b.)

The office of County Treasurer not being an office created or provided for by the State Constitution, it is well settled that such office is within the control of the Legislature which may limit its tenure, abolish it altogether, change the method whereby it shall be filled or the amount of compensation which shall attach thereto. (*Koch* v. *Mayor*, 152 N. Y. 72; *People ex rel. Ward* v. *Scheu*, 60 App. Div. 592; affd., 167 N. Y. 292.)   No

benefit can come from tracing at length the office of County Treasurer in connection with the Constitution of the State. Suffice it to say that the office of County Treasurer was first mentioned in the Constitution of 1777 and was omitted from the Constitution of 1821 and thereafter. Sheriffs, Clerks of counties, District Attorneys and Registers are the only county officers referred to in the State Constitution (Art. X, § 1). Even in the Constitution of 1777, which mentioned County Treasurers, it was therein provided that they should " continue to be appointed in the manner directed by the present or future acts of the Legislature " (Art. XXIX).

No provision for the office of County Treasurer appearing in the present State Constitution, the office of Monroe County Treasurer is not a constitutional office but a legislative one. As a legislative office there is nothing to prevent its abolishment by the Legislature or the diminution of its duties or their transfer in whole or in part to another officer. In the United States a public office is not property (*Smith* v. *City of New York*, 37 N. Y. 518), nor is the right to fees or compensations based on contract but only arises from a rendition of services so that the Legislature may diminish or change the mode of payment from fee to salary or *vice versa* in its discretion. (*Trustees of Dartmouth College* v. *Woodward* 4 Wheat. [U. S.] 518; *Koch* v. *Mayor*, 152 N. Y. 72.)

The parties have stipulated that no question is raised regarding the constitutionality of article 2-A of the County Law. No question of constitutionality, therefore, now arises.

We are thus brought to a consideration of the intention of the Legislature as expressed in the language of the amendment to the County Law. The new amendment to the County Law provides a new plan for the government of the counties in this State. Heretofore counties in general were governed by Boards of Super-

visors with the help of certain elected and appointed officials. Comprised within the new amendment are two optional plans offered for adoption, one known as the county president plan and the other, the county manager plan. Three main departments are provided: Finance, Public Works and Public Welfare.

On this appeal we deal only with the office of County Treasurer and its duties. The office of County Treasurer was not abolished but the duties conflict with the duties conferred on the Department of Finance. Statutes both State and local inconsistent with the new amendment are expressly repealed (L. 1935, ch. 948, § 2). Even if there were no express repeal provision still we would have a general scheme for the government of counties which aims to cover the whole subject and prescribe the duties applicable. In such circumstances it is well settled as a principle of statutory construction that the later statute repeals by necessary implication the earlier acts which are inconsistent therewith. (*City of Buffalo* v. *Lewis*, 192 N. Y. 193; *Heckmann* v. *Pinkney*, 81 N. Y. 211.)

The duties of the County Treasurer have been transferred to the Director of Finance because the former office is inconsistent with the latter, but lest a dispute should arise as to the division of duties thus hindering performance against the best interests of the public, the Legislature has been careful to prescribe that, although the elective officers should not be ousted prior to the expiration of their terms of office, nevertheless, they may only perform during the unexpired term such duties as may be assigned to them by the County Manager (Art. II-A).

The judgment of the Appellate Division should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Judgment affirmed.