## (March 17, 1969)

■ In the Matter of STANLEY CARTER et al., Appellants, v. BOARD OF SUPERVISORS OF THE COUNTY OF NASSAU, Respondent.— In a proceeding pursuant to CPLR article 78 to compel respondent to classify petitioners (employees) in salary grade 15(3) or 15(4) and to give them retroactive pay, at the appropriate grade level, as of the date of their reclassification by respondent from 14(3) to 15(2), petitioners appeal from a judgment of the Supreme Court, Nassau County, entered February 15, 1968, which dismissed the petition. Judgment reversed, on the law, with $20 costs and disbursements, and petition granted to the extent that respondent is directed to reclassify petitioners at salary grade 15(4) and to pay them at that level retroactive to the date of their reclassification from level 14(3) to 15(2). Petitioners are court attendants, some in the Nassau County District Court and some in the Family Court, Nassau County. It is undisputed that on January 1, 1967 petitioners reached salary grade level

14(3) and were paid $7,100 annually; and on February 20, 1967 petitioners were raised, by ordinance (No. 1/1967, as amd. by Nos. 77 and 242/1967), to grade 15(2) at an annual compensation of $7,147. Had they remained at their former grade level they would have received in ordinary course $7,472, payable annually commencing on January 1, 1968, at grade 14(4). Grades 15(3) and 15(4) pay compensation at annual rates of $7,450 and $7,833, respectively. It is conceded that respondent has the authority pursuant to sections 103 and 2415 of the County Government Law of Nassau County (L. 1936, ch. 879, as amd.) to amend and repeal ordinances relating to the compensation of court personnel (see, also, N. Y. Const., art. VI, § 29, subd. d). Furthermore, it is not disputed that an act purely administrative in nature, which as matter of law must be performed by a legislative body, may properly be the subject of a CPLR article 78 proceeding (*Matter of Larkin Co.* v. *Schwab*, 242 N. Y. 330; *Matter of Leichter* v. *Barrett*, 208 Misc. 577). Petitioners base their claim to relief on Ordinance No. 118/1962 which provides: "When an employee is promoted to a position in a higher salary grade, * * * [and] if the difference between such person's salary before promotion and such person's salary after promotion is less in amount than the amount of the next increment, such person would have received in his former grade, then, he shall receive the salary of the salary step in his new grade immediately higher than herein provided." Respondent contends that the 1967 ordinances which specifically place petitioners in a particular salary grade are clearly inconsistent with the 1962 ordinance and that, to the extent that the 1962 ordinance conflicts with the subsequent legislation, it has been impliedly repealed. The 1967 ordinances also provide that they "shall be construed to harmonize with * * * [prior salary and grade] ordinances and shall be deemed an implementation of such ordinances." Repeal by implication is not favored (*County of Saratoga* v. *Saratoga Harness Racing Assn.*, 4 N Y 2d 622, 627) and respondent bears the burden of showing that such repeal was clearly the legislative intent (*Morrall* v. *County of Monroe*, 247 App. Div. 76, 79 affd. 271 N. Y. 48). It has been recognized that where the subsequent legislative act covers the entire subject of legislation, the earlier act will be deemed to have been repealed (*Morrall* v. *County of Monroe*, 271 N. Y. 48, 53, *supra*). In *Matter of Board of Educ. of City of N. Y.* v. *Allen* (6 N Y 2d 127, 141–142) the Court of Appeals addressed itself to the problem and stated: "Generally speaking, a statute is not deemed to repeal an earlier one without express words of repeal, unless the two are in such conflict that both cannot be given effect. If by any fair construction a reasonable field of operation can be found for two statutes, that construction should be adopted (see McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 391, and the numerous cases cited therein)." Furthermore, the court must assume that every provision in the statute was designed to serve a useful purpose and must, in construing statutes, aim to reconcile apparent contradictions and give effect, if possible, to every part of the enactment so as to achieve a harmonious reconciliation between the interrelated provisions (*Matter of Great Eastern Liq. Corp.* v. *State Liq. Auth.*, 30 A D 2d 307, 309; and cases cited therein). Accordingly, we are of the opinion that the conflict between the ordinances in question is more apparent than real. The 1967 ordinances do not purport to cover the entire area of graded salary classification. They merely provide that petitioners shall be promoted and designated a salary at grade 15(2). In fact, said salary grade pays less compensation on an annual basis [as does grade 15(3)] than petitioners would have received had they remained in their former positions and obtained the next annual increment. In such situations, ordinance No. 118 applies and a harmonious reconciliation between the interrelated provisions is achieved (see *Matter of Great Eastern Liq. Corp.*

v. *State Liq. Auth., supra*). Consequently, petitioners are entitled to be reclassified in salary grade 15(4) with pay at that level retroactive to the date of their reclassification from level 14(3) to 15(2). (Cf. Civil Service Law, § 130, subd. 3, par. [b].) Christ, Acting P. J., Brennan, Hopkins, Benjamin and Martuscello, JJ., concur.