Burke, J.
Respondent-appellant, the Board of Supervisors of the County of Nassau (“Board”), appeals from an order of the Appellate Division, Second Department, which reversed a judgment of the Supreme Court, Nassau County, denying petitioners-respondents’ (“petitioners”) application for a judgment pursuant to CPLR article 78 requiring the board to reclassify them from salary grade 15, step 2, to grade 15, step 3 or step 4. The Appellate Division fixed the salaries at grade 15, step 4, in the amount of $7,833.
Petitioners are uniformed court officers of the District Court and Family Court in Nassau County, who, along with the County Court of Nassau County officers, at December 31, 1966, were classified at grade 14, step 2, and received an annual salary of $6,548. By county ordinance (No. 1/1967), the County Court officers were elevated to grade 15, step 2, as o.f January 1, 1967, at an annual salary of $7,147. Petitioners applied to the board for “reclassification.”[1] Apparently viewing the result as a legislative oversight, the board undertook to eliminate the resulting salary deviations. Amending its prior ordinance (No. 77/1967), the board fixed petitioners’ salary at grade 15, step 2, with the salary increase retroactive to January 1, 1967, thus achieving a parity with the County Court officers. Petitioners claim that at the time of reclassification they were in grade 14, step 3, because the raise to $7,100 was automatic on January 1, 1967.
Subsequently, petitioners served a demand on the board to reclassify them at grade 15, step 3 or step 4. Upon the board’s refusal this proceeding was commenced. Basically, petitioners contend that their salaries had vested at grade 14, step 3, and that any subsequent regrading must accord with the provisions of Ordinance No. 118 of 1962, which provides in pertinent part as follows (§ 1): “When an employee is promoted to a position in a higher salary grade, the minimum salary of which is lower *423 than the salary then being received by snch employee, he shall upon snch promotion be paid the salary of the salary step in the new grade next higher in amount than the salary he had been paid before promotion; provided, however, that if the difference between such person’s salary before promotion and such person’s salary after promotion is less in amount than the amount of the next increment, such person would have received in his former grade, then, he shall receive the salary of the salary step in his new grade immediately higher than herein provided. Such person shall thereafter receive the annual increments of his higher grade position until he reaches the maximum of his grade position.”
The issue thus presented is whether Ordinance No. 77 of 1967, by its retroactive effective date, effectuates the legislative intendment to create parity among the several court officers with similar duties and service in Nassau County through salary reallocation and not through promotion. We hold that it does.
Petitioners’ argument that Ordinance No. 118 of 1962 requires a contrary result fails simply because that ordinance deals with promotions. Their salaries were increased through reallocation by county legislative action to re-establish equality with the County Court officers. Consequently, they were not promoted, and Ordinance No. 118 is inapplicable.
Moreover, even if the provisions of that ordinance apparently inconsistent with those of Ordinance No. 77 of 1967 were relevant, we would be constrained to find the earlier ordinance superseded insofar as it was irreconcilable with the later one. Ordinance No. 77 was specifically enacted to achieve salary equalization. To reach that result, an amendment was enacted to the initial salary reallocation (Ordinance No. 1/1967) and made retroactive to January 1, 1967.[2] Its provisions are intended to correct oversights in the original salary legislation and are consistent with that result. The body of the legislation reads in part “ Change and Correct ”. The intent to create a parity among court officers in the County, District and Family Courts clearly appears in Ordinance No. 77 of 1967. Any holding contrary to that expressed intent would create an undesired *424 and undesirable disparity in salaries of court officers performing similar duties.
The judgment of the Supreme Court, Nassau County, should be reinstated.

. Technically, petitioners’ prayer to the Board of Supervisors was for a reallocation of their salary grade. Since September 1, 1962, classification or reclassification of court employees in their proper titles has been a function of the Administrative Board of the Judicial Conference (Judiciary Law, § 212, subd. 1). Allocation or reallocation of salary grades is a fiscal function and remains the responsibility of the fiscal authority, in this case Nassau County.

. In fact, Ordinance No. 1 of 1967, enacted on January 5, 1967, is also retroactive to January 1,1967.