Roger J. Miner, J.
This is an action for declaratory judgment wherein plaintiffs, the Sheriffs of the various counties described in the complaint, seek to enjoin the enforcement of certain rules and regulations adopted by defendants. Before this court is a motion by plaintiffs for a preliminary injunction and a motion by defendants to dismiss the complaint.
Legislation was enacted at the 1975 session of the New York *714 Legislature designed to restructure and expand the powers of the State Commission of Correction. (L 1975, ch 865.) In his message of approval on August 9, 1975 the Governor summarized the legislation as follows: “This bill provides for a three-man full-time Commission to oversee the operations of State and local correctional facilities, to formulate programs for the improvement of the correctional system and to create a system for the investigation and resolution of grievances in local correctional facilities.” (McKinney’s Session Laws of NY, 1975, p 1781.)
The Correction Law, as thus amended, empowered the commission to “[promulgate rules and regulations establishing minimum standards for the care, custody, correction, treatment, supervision, discipline, and other correctional programs for all persons confined in correctional facilities.” (Correction Law, § 45, subd 6.) Acting pursuant to this statutory authority, the commission adopted regulations, effective October 1, 1976, affecting the following matters in county jails: correspondence (9 NYCRR Part 7004); visitation (9 NYCRR Part 7008); access to media (9 NYCRR Part 7023); religion (9 NYCRR Part 7024); packages (9 NYCRR Part 7025); and printed material and publications (9 NYCRR Part 7026). The effective date of the visitation regulation was extended to November 9, 1976. Although plaintiffs seek to invalidate all these regulations, argument on these motions was limited to the validity of the regulations pertaining to visitation and packages.
The visitation regulation under attack provides for contact visits as follows: "(a) Physical contact shall be permitted between a prisoner and his visitors, (b) Prisoners and their visitors shall be required to conduct themselves in a manner consistent with reasonable standards of public decency.” (9 NYCRR 7008.6.) Guidelines for the implementation of this regulation were published by defendant on August 18, 1976 and defined physical contact as “handshaking, embracing, hand holding and kissing.” The guidelines further provided that prisoners be permitted to hold and play with their children and suggested means of implementing contact visitation within existing structural limitations. The package regulation and guidelines permit the introduction of a wide variety of specified items into jail facilities, subject to certain restrictions.
The New York Constitution confers no authority upon the *715 Sheriffs to maintain and operate county jails. (Cf. NY Const, art XIII, § 13.) It is the function of the Legislature to provide for the establishment and operation of such institutions. Exercising that function, the Legislature has directed each county to maintain a county jail or to participate in the operation of a regional facility. (County Law, § 217; Correction Law, art 4-A.) "It is doubtless true that the Legislature could abolish county jails altogether and require counties to care for their prisoners in some other institution fixed by law, with or without the consent or approval of the several counties.” (Matter of County of Cayuga v McHugh, 4 NY2d 609, 615.)
There is rio question that the Legislature therefore has authority to establish rules and regulations governing the operation of county jails. It may delegate that authority to others. (Matter of Levine v Whalen, 39 NY2d 510.) The authority to regulate visitation at the county jails has been delegated to the county Sheriffs.
Section 500-j of the Correction law is a long-standing enactment of the New York Legislature and expresses a legislative mandate that certain public officials have free access to jails. The section further provides as follows: "No other person not otherwise authorized by law shall be permitted to enter the rooms of a county jail * * * unless under such regulations as the sheriff of the county * * * shall prescribe.” The power to establish the time, location and conditions of visitation clearly has been delegated to the county Sheriffs.
The foregoing conclusion is further supported by section 500-c of the Correction Law which provides, in part, as follows: "Each sheriff, except the sheriff of the City of New York and the sheriff of the County of Westchester, shall have custody of the county jails and shall receive and safely keep, in the county jail of his county, every person lawfully committed to his custody for safekeeping, examination or trial, or as a witness, or committed or sentenced to imprisonment therein, or committed for contempt * * * All persons confined in a county jail or penitentiary shall, as far as practicable, be kept separate from each other, and shall be allowed to converse with their counsel, or religious adviser, under such reasonable regulations and restrictions as the keeper of the jail may fix. Convicts under sentence shall not be allowed to converse with any other person, except in the presence of a keeper. The keeper may prevent all other conversations by any other *716 prisoner in the jail when he shall deem it necessary and proper.”
Although very broad jurisdiction over local correctional facilities has been delegated to the defendants, such jurisdiction does not include the regulation of visitation. The 1975 legislation conferring regulatory powers upon the defendants cannot be said to have repealed sections 500-c and 500-j by implication. "Repeals of earlier statutes by implication are not favored and a statute is not deemed repealed by a later one unless the two are in such conflict that both cannot be given effect.” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 391; also, see, Matter of Corning v Donohue, 29 NY2d 209; Carter v Board of Supervisors of County of Nassau, 31 AD2d 945, revd on other grounds 25 NY2d 420.) Sections 500-c, 500-j and subdivision 6 of section 45 of the Correction Law are not in such conflict. It follows that the defendants were without authority to promulgate regulations pertaining to visitation and that 9 NYCRR Part 7008 is invalid.
The court finds no merit in defendants’ argument that contact visitation is mandated by Federal constitutional law as revealed by the United States courts. The case of Rhem v Malcolm (371 F Supp 594, affd 507 F2d 333) involved a totality of intolerable conditions faced by pretrial detainees at the Tombs prison in New York City. The specific situation of pretrial detainees at the House of Detention for Men on Rikers Island was addressed by the United States Court of Appeals, Second Circuit, in Rhem v Malcolm (527 F2d 1041). The county jails for which the plaintiffs are responsible include inmates serving sentences after conviction as well as pretrial detainees. The court is aware that some United States District Courts have held that there is an independent right to contact visits. It would not seem that the question of jail visitation involves Federal constitutional law. Indeed, the increasing tendency of some Federal courts to become involved in the operation of State and local government in the name of the Constitution has become a matter of national concern. (See Too Much Law?, Newsweek, Jan. 10, 1977, p 42.) The wisdom of contact visitation should not be determined by the courts; it should be determined by the Legislature or by those to whom the legislative powers legally have been delegated. Even if it were to be assumed that there is an independent right to contact visits under the United States Constitution, it would be necessary, in light of the determination made *717 herein, to examine the visitation regulations adopted by each of the plaintiffs. Those regulations are not before the court and cannot be the subject of inquiry in this action.
In view of the foregoing the motion by plaintiffs for a preliminary injunction enjoining the enforcement of the visitation regulation promulgated by defendants is granted; consistent with this determination, the defendants also will be enjoined from enforcing their religion and access to media regulations to the extent that such regulations impinge upon the authority of the plaintiffs to regulate entry into county jails. It is suggested that plaintiffs move for summary judgment in order that a final determination may be made in accordance with this decision.
The remaining regulations subject of this action, insofar as they do not pertain to jail entry, have been adopted pursuant to the powers conferred upon defendants by the Legislature. Accordingly, the motion to dismiss the complaint for failure to state a cause of action as to those regulations is granted.