565 F.2d 253
 Joseph MARCERA, and John Dillman, Individually and on behalf
of all others similarly situated, Plaintiffs-Appellants,
v.
Stephen CHINLUND, Joseph Wasser and Dorothy Wadsworth,
Individually and in their official capacities as members of
the New York State Commission of Correction, and William
Lombard, Individually and in his official capacity as
Sheriff of Monroe County and on behalf of all other persons
similarly situated, Defendants-Appellees.
 No. 310, Docket 77-2090.
 United States Court of Appeals,
Second Circuit.
 Argued Nov. 9, 1977.
Decided Nov. 10, 1977.
 
 David W. Beier, Monroe County Legal Assistance Corp., Rochester, N. Y., Daan Braveman, Rochester, N. Y., of counsel, for plaintiffs-appellants.
 Patricia C. Armstrong, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen., of the State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., New York City, of counsel), for defendants-appellees Chinlund, Wasser and Wadsworth.
 John D. Doyle, Rochester, N. Y. (William J. Stevens, Rochester, N. Y., Atty. for County of Monroe, of counsel), for defendant-appellee Lombard.
 Before KAUFMAN, Chief Judge, and SMITH and MULLIGAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 This suit was brought in the United States District Court for the Western District of New York on November 15, 1976, under 42 U.S.C. § 1983 by two detainees then in Monroe County Jail against the Sheriff of Monroe County and members of the New York State Commission of Correction alleging denial of due process and equal protection and seeking class certification and declaratory and injunctive relief to permit pretrial detainees confined in county jails in New York to have contact visits. It was alleged that there are at least 1500 pretrial detainees in county jails which do not provide contact visits, that there are at least 40 county sheriffs who administer such jails, and that the claims and defenses of the representative parties are typical of the proposed plaintiff and defendant classes. On or about December 8 plaintiffs moved for class certification and a preliminary injunction. The Commissioners denied that they were violating any rights of the plaintiffs or the class they purported to represent, and indicated they had promulgated regulations providing for contact visits but were enjoined from enforcing them. On January 27, 1977 the New York Supreme Court, Albany County, ruled that authority to regulate visitation at county jails had been delegated to county sheriffs and that the Commissioners were without authority to promulgate regulations pertaining to visitation. 89 Misc.2d 713, 392 N.Y.S.2d 790. An appeal is presently before the Appellate Division, Third Department.
 
 
 2
 On June 21, 1977, the day a mandamus petition was served, Judge Burke issued findings of fact and conclusions of law and an order denying without a hearing the preliminary relief and defendant class certification. The order was filed on June 22, 1977. He did not pass upon the motion for certification of a plaintiff class. Plaintiffs appealed.
 
 
 3
 The court acted solely on the pleadings, memoranda of law and affidavits of the parties. On this record we think this incorrect.
 
 
 4
 While evidentiary hearings are not mandated in every Rule 23 case, a denial of class action certification should not ordinarily be made without giving the plaintiffs an evidentiary opportunity, if requested. Wolfson v. Solomon, 54 F.R.D. 584, 590 n. 6 (S.D.N.Y.1972) (Gurfein, J.).
 
 
 5
 There appear to be genuine issues of fact as to similarities and dissimilarities in facilities and staffing of county jails denying contact visits, as to the numbers and similarities to the named parties of those in the purported classes and as to divergent interests of state and county defendants.
 
 
 6
 Plaintiffs raise substantial claims of deprivation of rights of pretrial detainees to contact visits recognized as constitutionally based in Rhem v. Malcolm, 371 F.Supp. 594 (S.D.N.Y.1974), aff'd on this issue, 507 F.2d 333 (2d Cir. 1974), and 527 F.2d 1041 (2d Cir. 1975) (per curiam ), which the present state of the record prevents us from properly determining. If these conditions exist, and there are strong indications of this in defendants' defenses based on inability to change such conditions, plaintiffs should have a full opportunity to establish that the requisites of class certification exist as to both plaintiff and defendant classes under Fed.R.Civ.P. 23. If a proper plaintiff class exists, the case is not moot even if the named plaintiffs are no longer confined, since the conditions are capable of repetition and indeed apparently quite certain to recur, yet would otherwise evade review. Washington v. Lee, 263 F.Supp. 327, 329-30 (M.D.Ala.), aff'd 390 U.S. 333, 88 S.Ct. 994, 19 L.Ed.2d 1212 (1968). Gerstein v. Pugh, 420 U.S. 103, 110 n. 11, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975).
 
 
 7
 Reversed and remanded for hearing and determination of the applications for class certification and preliminary relief.