PAULINE CRAWFORD, Respondent, *v.* THE CITY OF NEWBURGH, Appellant, Impleaded with CENTRAL HUDSON GAS AND ELECTRIC CORPORATION and Another, Defendants.

Second Department, February 13, 1931.

*Stanley B. Johnson,* for the appellant.

*Israel G. Ornstein* [*Charles Fredericks* with him on the brief], for the respondent.

TOMPKINS, J. Pauline Crawford brought an action against the city of Newburgh and others, and the summons was served upon Anne P. Templeton, city clerk, on August 21, 1930, at the Newburgh City Hall. The corporation counsel of the city appeared specially, and moved to set aside the service of the summons on the ground that the same was not served in accordance with the provision of the Charter of the City of Newburgh (Laws of 1917, chap. 590, as amd., art. 11, § 192 thereof), which provides that every process commencing an action against the city shall be served on the mayor and not otherwise. This motion was denied. The facts as to the manner of service are not controverted, and the only question presented is whether the service of the summons on the city clerk was good or bad.

Section 192 of the Charter of the City of Newburgh is as follows:

" Every process commencing an action against the city shall be served on the mayor and not otherwise."

The plaintiff, in making service, relied on section 228 of the Civil Practice Act, enacted in 1920, effective on October 1, 1921, which is as follows: " Personal service of the summons upon a domestic corporation must be made by delivering a copy thereof, within the State, as follows:

" 1. If the action be against the city of New York, to the mayor, comptroller or counsel to the corporation.

" 2. If the action be against any other city, to the mayor, comptroller, treasurer, counsel, attorney or clerk; or, if the city lack either of those officers, to the officer performing corresponding functions under another name."

The question is whether the city charter, which was enacted in 1917, controls as to the method of service upon defendant city of Newburgh, or the provisions of the Civil Practice Act, enacted in 1920 to take effect in 1921.

The appellant contends that a special act, no matter whether enacted before or after a general act, takes precedence over the general act. There is no doubt about the right of the Legislature to enact special provisions governing the service of a summons in an action brought against any city, and that such regulations and laws, either general or local, affecting municipalities must be specifically complied with and strictly construed.

McKinney in his treatise on " Statutes and Statutory Construction " (volume 1 of his Consolidated Laws of New York, page 246, section 177), states as follows:

" Statutes in irreconcilable conflict.— * * * Even a prior special act must be deemed abrogated when it is in irreconcilable conflict with a subsequent general enactment. The circumstance that the later act contains no repealing clause does not affect its force. The repeal arises from the repugnancy of the two statutes, not from any expression of a general intent to repeal inconsistent acts."

In *People ex rel. Fleming* v. *Dalton* (158 N. Y. 175) the court (quoting from Black on Interpretation of Laws, section 153, and from Sutherland on Statutory Construction, section 159) stated (at p. 184): "A general statute will repeal special or local acts without expressly naming them, where they are inconsistent with it, and where it can be seen from the whole enactment that it was the intention of the Legislature to sweep away all local peculiarities thus sanctioned by special acts, and to establish one uniform system.

" There is no rule of law which prohibits the repeal of a special

act by a general one, nor is there any principle forbidding such repeal without the use of words declarative of that intent.

" The question is always one of intention, and the purpose of abrogating a particular enactment by a later general statute is sufficiently manifested when the provisions cannot stand together."

In *People ex rel. Lawrence* v. *Supervisors* (73 N. Y. 173) the court said: " It is a rule,' that where there are no words of explicit repeal in a later act, it does not repeal by implication a former act, unless the later enactment is so repugnant to the former as that they both cannot exist together. This rule applies, in an especial manner, where the former enactment is local and the later one is general. Yet, if it is plain that the Legislature meant to make a new and exclusive rule for the whole State and for all cases, the local act must yield to the later general act."

When the Civil Practice Act was enacted in 1920, the Legislature intended that it should be the sole law as to matters of practice, and should sweep away all the irregularities and peculiarities of the provisions for practice theretofore enacted. It was not then intended that additional statutes should be passed to further complicate the situation intended to be corrected by the adoption of the Civil Practice Act.

Section 1530 of that act of 1920 (Laws of 1920, chap. 925, now section 1568, as renum. by Laws of 1921, chap. 199) states: " This act shall apply to all actions and special proceedings hereafter commenced."

In section 1575 (renum. from section 1537 by Laws of 1921, chap. 199) we have a provision as to the city of New York that each section is to be construed as not affecting any special provision of the statutes, remaining unrepealed after the former provision takes effect, which is applicable exclusively to an action against the mayor, aldermen and commonalty of the city of New York, including the recovery, entry and collection of a judgment in such an action. There is no such exception as regards the city of Newburgh, and I think we should presume that the Legislature intended, by the general provision in the Civil Practice Act, section 1530 (now section 1568), to repeal the special provision of the charter as to the commencement of actions relating to that city, enacted three years prior thereto.

There is nothing to indicate in the language of section 228 of the Civil Practice Act, relating to the commencement of actions against municipalities, that it was intended to except any city outside of the city of New York. The section applies generally to all cities outside of that city.

In the Charter of the City of Newburgh (§ 132) there is a limitation

of one year for the commencement of such an action as this. In section 49 of the Civil Practice Act there is a provision for a three-year limitation in negligence cases. The Legislature, intending to safeguard the limitation of one year as contained in the charter of the defendant, appellant, provided by section 10 of article 2 of the Civil Practice Act as follows: " The provisions of this article apply and constitute the only rules of limitation applicable to a civil action or special proceeding, except in one of the following cases: 1. A case where a different limitation is specially prescribed by law," etc.

By this provision the Legislature has clearly declared that the Statute of Limitations of one year, as contained in the charter of the defendant, appellant, and perhaps in other city charters, should be continued despite the three-year limitation contained in section 49 of the Civil Practice Act. Nowhere, however, in the Civil Practice Act do we find any such saving clause excepting the operation of the provisions of section 228 of the Civil Practice Act by reason of the provisions of the charter of the defendant, appellant, and we must infer, therefore, that the Legislature was fully aware of all such provisions as to service of process, and by its enactment of section 228 of the Civil Practice Act intended by implication to repeal all other provisions and prescribe one uniform method of service of process upon a municipal corporation outside of the city of New York.

In *People* v. *Jaehne* (103 N. Y. 182), where the question of the enactment of the Penal Code and whether certain provisions of prior laws were repealed was under review, the court said: " No public policy can be assigned for such a discrimination, and we think the case is within the rule that ' a later statute, covering the same subject-matter and embracing new provisions, operates to repeal the prior act, although the two acts are not in express terms repugnant.' "

Then, too, in *Pratt Institute* v. *City of New York* (183 N. Y. 151) the Court of Appeals said (at p. 157): "A codifying act is presumed to exhaust the subject to which it relates, unless a different intention appears on the face of the statute, or is an irresistible inference from special circumstances. The new enactment is substituted in the place of all statutes previously existing and becomes the sole rule of action."

In McKinney's Statutes and Statutory Construction (1 McKinney's Consol. Laws of N. Y. 242, 244, § 175) we find the following: " * * * But there is no rule of law which prohibits the repeal cf a special act by a general one without the use of express words. The question whether a repeal has been

made in always one of legislative intent. If the statutes are so inconsistent that the prior special act cannot operate when the general act is given the fair construction required by its language, the former must be deemed abrogated. The inconsistency in such a case sufficiently indicates an intent to repeal the earlier statute. And so, too, the intent to repeal a former special law may be shown when the Legislature enacts a consolidating law designed to cover the whole subject and furnish the only rule on the subject."

The service of the summons on the city clerk in accordance with the provisions of the Civil Practice Act was, therefore, good service, and the order of the Special Term should be affirmed, with ten dollars costs and disbursements.

LAZANSKY, P. J., HAGARTY, CARSWELL and SCUDDER, JJ., concur.

Order denying motion of defendant city of Newburgh to vacate service of summons and to dismiss action affirmed, with ten dollars costs and disbursements, with leave to said defendant to serve a notice of appearance within ten days from the entry of the order herein.