ARNOLD B. FIEBINGER, Plaintiff, *v.* CITY OF NEW YORK et al., Defendants.

Supreme Court, Special Term, Kings County, January 17, 1944.

*Harry Ahrends* for plaintiff.

*Ignatius M. Wilkinson, Corporation Counsel (John A. Boland* of counsel), for defendants.

STEINBRINK, J. Plaintiff moves for an examination before trial of the defendant Brown as an adverse party. The complaint alleges that plaintiff's injuries were sustained as a result of the negligent operation by the defendant Brown of a trolley car owned and controlled by the defendant City of New York. The motion is opposed solely on the ground that the plaintiff has failed to serve on the defendant Brown a notice of claim and intention to sue in accordance with the provisions of section 50-c of the General Municipal Law, it being argued that by reason of this omission the action against the defendant Brown may not be maintained. In determining the applicability of the statute, sections 50-a, 50-b and 50-c must be read together. Section 50-a is simply a re-enactment of the former section 282-g of the Highway Law and is designed to afford a remedy to persons injured as the result of the negligence of a municipal employee in the operation of a municipally owned vehicle while engaged in the performance of a governmental function. (*Ottmann* v. *Village of Rockville Centre,* 273 N. Y. 205, 207.) Section 50-b provides for indemnification by the municipality of a negligent employee who is engaged in the " operation of a municipally owned vehicle or other facility of transportation within the state in the discharge of a *statutory* duty imposed upon such person or municipality, provided the appointee at the time of the accident or injury was acting in the discharge of his duties and within the scope of his employment." (Italics mine.) Section 50-c effects indemnification of a policeman or fireman for his negligence in the operation of a vehicle while engaged in the discharge of his duties regardless of whether such vehicle is municipally owned. This section

also provides as follows: "No action or special proceeding instituted pursuant to the provisions of section fifty-b or fifty-c of this chapter, shall be prosecuted or maintained against the municipality and appointee, unless it shall appear by and as an allegation in the complaint or the moving papers that at least thirty days have elapsed since the demand, claim or claims upon which such action or special proceeding is founded were presented to the comptroller, or corresponding officer, of said municipality and the appointee for adjustment, and that adjustment or payment thereof has been neglected or refused for thirty days after such presentment; and in the case of claims against said municipality or appointee, accruing after the passage of this act for personal injuries or damages to real or personal property, or for destruction thereof, no action thereon shall be maintained against said municipality and appointee, unless such action shall be commenced within one year after the cause of action therefor shall have accrued, nor unless notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained, together with a verified statement showing in detail the property alleged to have been damaged or destroyed, and the value thereof, shall have been filed with the comptroller of said municipality and with the appointee within six months after such cause of action shall have accrued."

In summary, it may be said that the statute, to a limited extent, affords a remedy against sovereign immunity, and to the extent that such remedy is afforded, indemnification of the negligent employee against liability is provided. The history of section 50-a and the words of limitation in section 50-b make it reasonably clear that the provision for indemnification applies only in favor of a negligent employee engaged in the operation of a municipally owned vehicle while discharging a governmental function. The legislation conferring power on the municipality to acquire and operate transit facilities is permissive, not mandatory (Rapid Transit Law, art. IV, §§ 31, 32) and in the operation of such facilities the municipality is engaged in its proprietary rather than sovereign capacity. (*Matter of Rapid Transit R. R. Commissioners,* 197 N. Y. 81, 98; *Litchfield Constr. Co.* v. *City of N. Y.,* 244 N. Y. 251, 263.) For the negligence of a municipal employee engaged in the operation of transit facilities, injured persons have a common-law remedy against both the municipality and the negligent employee. The negligent employee at common law enjoyed no right to be indemnified against liability and nothing in the

statute suggests an attempt to provide such indemnification. Plaintiff's remedy in this case for the injuries he sustained is thus complete without recourse to the above provisions of the General Municipal Law, and since his action is not instituted " pursuant to the provisions of section fifty-b or section fifty-c " of the statute, he need not serve the notices therein required as a condition to the maintenance of his action.

Accordingly the motion is granted.