A. David Benjamin, J.
Plaintiff moves, under rule 109 of the Rules of Civil Practice, to strike out as legally insufficient the city’s defense that plaintiff’s right to recover damages against it is barred because it was not begun within the time permitted by the Statute of Limitations. The specific statute which the city relies upon is not indicated in the answer but the city says in its brief that it relies on the provisions of section 394a-1.0 of the New York City Administrative Code. Such section requires (subd. c) that an action against it “ for damages for personal injuries resulting from the negligence of the city * * * shall be commenced within one year after the cause of action therefor shall have accrued, provided that a notice of intention to commence such action and of the time when and place where the injuries were received shall have been • *570 served in like manner as the service of a summons in the Supreme Court, within six months after such cause of action shall have accrued ”, upon persons specified in the section.
Plaintiff’s injuries assertedly were sustained on or about ■ July 2, 1952, when, while riding as a passenger on one of the city subway trains, ‘ ‘ an explosion occurred causing plaintiff to receive a blow or blows from an object or force and causing the injuries hereinafter alleged.”
Irrespective of whether section 394a-1.0 of the Administrative Code would be applicable herein or whether the generic provisions of the General Municipal Law govern, a one-year limitation period is prescribed in this type of action (see General Municipal Law, §§ 50-b, 50-c; under § 50-e, a 90-day notice also is a prerequisite). The language in both the Administrative Code and the General Municipal Law expressly provides that they apply to all tort actions against the defendant city, or against a public corporation, inclusive of a municipal corporation. It is only in the instances where an earlier statute is inconsistent with it that the General Municipal Law supersedes the other (L. 1945, ch. 694, § 13).
It is plaintiff’s contention that, at least with respect to certain causes of 'action which he asserts, neither of the aforesaid statutes is applicable but that the three-year period applicable to negligence claims generally (Civ. Prac. Act, § 49, subd. 6) governs.
Four causes of action are purportedly set forth in the complaint. Plaintiff describes them as follows: ‘ ‘ The first cause of action is based upon res ipsa loquitur; the second upon simple negligence; the third cause of action is based upon res ipsa loquitur and includes an allegation of statutory notice upon the defendant; and the fourth cause of action is based upon simple negligence, and also includes an allegation of statutory notice on the defendant.”
The limitations defense advanced by the city under paragraph 9 of its answer, which plaintiff seeks to have stricken, is interposed against all of them.
Briefly stated, it is the contention of the plaintiff that, save in the instances where it was formerly immune to suit because it performed State or governmental functions and shared the State’s immunity as a sovereign, the city is on a par with any private tort-feasor; that this being so, in such a common-law action in negligence against it the limitations period is not one but three years and that it is only where a plaintiff invokes a statutory right of action that he must comply with and be governed by its terms. Statutes such as the defendant city’s *571 own Administrative Code and the more generic General Municipal Law, as aforesaid, setting up one-year period of limitations are a concomitant of the State’s waiver of immunity from civil suit in tort, with the sovereign’s right to attach conditions thereto. Such statutes, plaintiff argues, however, must he read as applying to causes of action arising from derelictions in fields in which a municipality formerly was not answerable to civil suit, i.e., in fields where the activities were ' ‘ governmental ’ ’ not “proprietary”. Operation of the city’s subways, it is claimed, is a proprietary activity in which the city is engaged in a business venture like any private person or private corporation for its own gain and advantage and therefore the limitations of time contained in the Administrative Code and in the General Municipal Law cannot and do not derogate from plaintiff’s common-law remedy.
The court cannot adopt this point of view.
Decisive of the issue presented is not the character in which the city was acting at the time plaintiff was injured, as plaintiff contends, but the broad latitude which the State has in the imposition of conditions and limitations governing actions against its own unique creature, a municipal corporation. (See in this respect MacMullen v. City of Middletown, 187 N. Y. 37; Crawford v. City of Newburgh, 231 App. Div. 613, 616; Matter of Brown v. Trustees, Hamptonburg School Dist., 303 N. Y. 484, 488, 489.)
Such power is considered at length in the MacMullen case. There the right of the city to impose a restriction, even though it was tantamount to a denial, in many instances, of the right to sue, was attacked as unconstitutional. The requirement was sustained. There, as here, it was contended that the city was functioning as a “proprietor”. There would have been no basis for litigation otherwise for the issue arose before the State’s waiver of immunity from civil suit in 1929 (Court of Claims Act, § 8; Bernardine v. City of New York, 294 N. Y. 361, 365). The plaintiff in that [MacMullen] ease sustained injuries as a result of a fall on icy streets. The State’s charter to the municipal defendant denied the right to civil suit, lacking written notice served upon the city prior to such accident of the existence of a dangerous condition and of a subsequent failure or neglect of the municipality “ to cause such snow or ice to be removed * * * within a reasonable time after receipt of such notice The Court of Appeals, reiterating its pronouncement made in an earlier instance (Curry v. City of Buffalo, 135 N. Y. 366), held that “ 1 the whole matter of the maintenance of this class of actions was within the control of *572 the legislature. It could refuse a right of action against municipalities for such injuries, and it could impose any conditions precedent to the maintenance of such actions.’ ” (P. 42.) See, also, Matter of Brown v. Trustees, Hamptonburg School Dist. (supra) where, at page 488, the court states, with reference to a municipal corporation, that “ Inasmuch as it is a creature of the Legislature, the power that the Legislature wields over a municipal corporation is supreme and transcendent ”.
Having an unquestioned right to deny such actions (where, as stated, the asserted negligence was the result of the municipality’s act as a “ proprietor ”) it would necessarily follow that the State would have a right to restrict the limitations period within which such action could be brought.
The State’s right so to do has been repeatedly upheld. 'It can even shorten an existent statute in instances where a cause of action already has accrued “ ‘ so long as it provides for a reasonable time in which actions may be brought after the new limitation becomes effective ’ ” (Bloch v. Schwartz, 266 App. Div. 188, 190).
There is no basis, therefore, in support of plaintiff’s argument that the one-year limitations provision of the defendant’s Administrative Code and of the General Municipal Law can be disregarded.
The former statute distinctly provides that it applies to “ every action or special proceeding, for any cause whatever ”, and the latter provides that section 50-b thereof dealing with “ municipal liability for negligent operation of vehicles or other facility of transportation ” shall be governed by the one year’s limitations period prescribed in section 50-c.
Views of authoritative text writers, as well as repeatedly expressed judicial opinions, are at variance with plaintiff’s contention that where the Legislature, by city charter or otherwise, prescribes a shorter period of limitations on negligence actions against a municipality, a claimant against such municipality, is free to disregard it and claim the benefit of the three-year period of the Practice Act applicable to negligence actions generally. (See in this respect 4 Dillon on Municipal Corporations [5th ed.], §§ 1612, 1613, n.; 17 McQuillin on Municipal Corporations [3rd ed.], § 49.07; Bernreither v. City of New York, 123 App. Div. 291, affd. 196 N. Y. 506; Curry v. City of Buffalo, supra, p. 369.)
McQuillin states, “ The rule has long been settled, and at present never doubted, that the legislature may limit the time within which actions against municipal corporations may be brought.”
*573 In the Bernr either case a similar one-year limitation in an earlier New York City Charter was involved. At page 293 the court says, “ This statute is a statute of limitations, in that it limits the time within which an action for negligence can be maintained against a city to one year after the cause of action therefor shall have accrued. ’ ’
The opinion in the Bernr either case was written in 1908. Of necessity, the type of action involved in the above case, and the type of action generally which the court envisioned, was of the common-law type permitting suit against a municipal corporation in the exercise of a nongovernmental function, for a municipal corporation then shared the State’s immunity from suit in the performance of a governmental function. Then, as now, the general limitations period governing negligence actions generally was three years.
Plaintiff relies strongly on Fiebinger v. City of New York (182 Misc. 1007). This was an opinion written by the Special Term of this court on an application for a pretrial examination of a defendant motorman sued along with the city in a negligence action. The city had been joined under the indemnification provisions of the General Municipal Law. The examination was opposed because of a failure to serve a notice required by the statute before the indemnification could be invoked. Special Term permitted the motorman to be examined. Determination on this type of motion rests largely in the court’s discretion. It would not be authoritatively controlling on this court in the present instance, in any event, nor is it in point. Inasmuch as the motorman, like any private individual, would be under a common-law liability for his own negligence, an examination of bim in aid of such liability would have been warranted.
Plaintiff also attaches much significance to expressions in an opinion written by the Court of Appeals in Matter of Brown v. Trustees, Hamptonburg School Dist. (supra). Expressions in the opinion written in the Brown case dealing with “ governmental ” and “ proprietary ” functions of municipal corporations are to be read in the light of the constitutional issue presented involving the rights of infants.
The Brown case, in the opinion of the court, does not support plaintiff’s claim that the limitations provisions of section 50-e of the General Municipal Law (or the companion statute, Administrative Code, § 394a-1.0) “is designed to apply to those cases where municipal liability is statutory in origin and it is not designed to apply to those cases where a common-law .remedy exists".
*574 In the light of modern governmental practices, concepts and accepted 'responsibilities, the whole question of the artificial distinction between ' ‘ governmental ’ ’ and ‘ ‘ proprietary function ’ ’ may well stand reappraisal. Many functions once deemed unconstitutional excursions into the field of private enterprise are now deemed both acceptable and desirable attributes of good government in the public interest.
To say that it is “ governmental ’ ’ to run a police or fire system but “proprietary” with respect to public housing, hospitals, sanitation, water and electric power, transportation and other public utilities, etc. is to give utterance to an archaic concept born in the era of over-rugged individualism and long discarded in the everwidening horizon of governmental social responsibility within the purview of all groups in our political economy.
The court is not called upon, however, to decree in this decision the end of these ancient semantic distinctions. Whether the action springs from a “ proprietary ” or “ governmental ” function in the traditional sense, the power of the Legislature to lay down a reasonable, short Statute of Limitations as to all litigation against a municipality is certainly beyond dispute.
The motion to strike out the defense is denied.