Mario Pittoni, J.
The defendant, County of Nassau, moves to dismiss the complaint, on the ground that the notice of claim required by law was not served upon the officials designated by law within the required time.
The plaintiff’s intestate was injured on July 23, 1956. A notice of claim was served October 22, 1956, by registered mail upon the “ Chairman, Board of Supervisors, County of Nassau, Franklin Avenue, Mineóla, New York.”
The county contends that the plaintiff failed to serve one of the officials designated in subdivision 3 of section 228 of the Civil Practice Act, namely, the County Attorney; and also failed to comply with section 11-4.0 of the Nassau County Administrative Code (L. 1939, ch. 272, as amd.). This provides for service of all process and papers for the commencement of an action against the county upon the County Executive or the County Attorney.
It is not disputed that the County Executive and the chairman of the board of supervisors are one and the same person. Therefore, there was compliance with section 11-4.0 of the Administrative Code since only one of the two officials specified therein had to be served.
To the extent that subdivision 3 of section 228 of the Civil Practice Act is in conflict with the provisions of the Administrative Code the latter prevails, and the code is the only one that need be complied with in Nassau County. This is based on the canon of statutory construction that where a special statute is in conflict with a general one the special statute controls. (Strauch v. Town of Oyster Bay, 263 App. Div. 833; see, also, McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 397.)
Motion denied.
Settle order on notice.