Chief Judge Fuld.
Whether chapter 462 of the Laws of 1970 —which amended article 52 of the Education Law—is applicable to the City of Albany after July 1, 1971, is the principal question posed by this appeal. We agree with the Appellate Division that it is.
Section 2550 of the Education Law, contained in article 52, declares that “ This article [article 52] shall apply to the school districts of the following cities only: New York, Buffalo, Rochester, Syracuse, Yonkers and Albany. ’ ’ Article 51, on the other hand, applies to all other school districts of cities which in 1950 —when article 51 was added to the Education Law and article 52 was amended—had a population of less than 125,000 inhabitants and to those school districts of cities incorporated thereafter. Although article 52 bears the title, “ City School Districts of Cities with One Hundred Twenty-Five Thousand Inhabitants or More ”, it is manifest, based upon the language of that article and article 51, as well as upon the intent of the Legislature explicitly declared, that two classes of cities are provided for, one class consisting of the six cities, including Albany, named in section 2550, and the other class consisting of all other cities. Quite obviously, in the light of this classification, no city other than the six named may be brought into or included within article 52 — except by specific legislation—no matter how large its population may become and, by the same token, no one of those six may be taken out of the article and moved into article 51 without express legislative provision.[1]
Consideration of the legislative history confirms this conclusion. Prior to 1950, all city school districts were under one article of the Education Law. In that year, the Legislature *214 decided that the districts were to be dealt with separately in two articles (L. 1950, ch. 762). By a later numbered chapter (ch. 764) dealing with article 51, the Legislature made its intent clear that section 2501, contained in article 51, was not to include any of the six designated cities. Thus, it was provided (L. 1950, ch. 762, § 22-a, as added by L. 1950, ch. 764, § 11) that “ It is the intent of the legislature * * * to codify, without change in substance or effect, the provisions of article fifty-two of the education law, as renumbered * * *, which are in force and effect on January first, nineteen hundred fifty, and relate to the city school districts of the cities of New York, Buffalo, Rochester, Syracuse, Albany and Yonkers.” And, as further appears (ch. 764, n. 17), section 22-a was added ‘ ‘ to make clear that no substantive changes in the provisions relating to the six largest city school districts are intended ”.
In short, the Legislature demonstrated that its intent was not to divide the cities on the basis of population but, rather, to separate out article 52’s six enumerated cities from the remaining cities of the State in order to accord them special treatment under the Education Law. Section 2501 does, it is true, recite that article 51 “ shall apply to each school district which now is, or hereafter becomes, a city school district of a city with less than one hundred twenty-five thousand inhabitants ” but it is highly unlikely that the Legislature anticipated, in 1950, that the population of any of the six cities listed in article 52 would fall below 125,000. What the Legislature undoubtedly had in mind by its wording of section 2501 was that article 51 should apply to each school district of a city which then (in 1950) had a population of less than 125,000 and to each school district of any subsequently■ incorporated city. In other words, the reference to a district which “ hereafter becomes ” a city with less than 125,000 envisaged and provided for the possible incorporation of new cities and the creation of new school districts.
By chapter 462 of the Laws of 1970, section 2553 of the Education Law, contained in article 52, was amended to make the Albany Board of Education elective, subject to a permissive referendum to be held at the general election in November of 1970. The referendum was held and the voters approved the elective board by a large majority. Chapter 462 also provided *215 that the first election of the members of the board—of whom there were to be seven in number, elected on a nonpartisan basis •—was to take place at the general election in November, 1971. The terms of office of the present board, the statute further specified, “ shall expire on the thirty-first day of December, nineteen hundred seventy-one ” (subd. 9, par. q).
Chapter 492 of the Laws of 1970 became effective three days after chapter 462. It provided that, in the case of a city which had a population of 125,000 inhabitants or more by the 1960 census and less than 125,000 by the 1970 census, the school district of that city should be governed by the provisions of article 52 until July 1,1971. The appellant contends that, since Albany’s population has, according to the 1970 census, dropped below 125.000 inhabitants, article 51, not article 52, governs its school district after July 1, 1971, and that chapter 462 was thereby impliedly repealed.
This contention impresses us as highly unreasonable. Not only is repeal of a statute by implication frowned upon by the courts (see, e.g., County of Saratoga v. Saratoga Harness Racing Assn., 4 N Y 2d 622, 627; Board of Educ. v. Rogers, 278 N. Y. 66, 71) but, as already indicated, there is no doubt that the Legislature intended — as clearly reflected in section 2550 and elsewhere — that Albany be governed by the provisions of article 52, regardless of any change in its population. Indeed, it is of considerable significance that the Governor, in his message of necessity attending the bill which became chapter 492, declared that it " would provide that the City of Albany School District would continue to be subject to the provisions of Article 52 of the Education Law governing school districts of cities over 325.000 in population regardless of the population figure resulting from the 1970 census.” (Emphasis supplied.) Moreover, the Legislature had just passed the bill—which became chapter 462—making the Board of Education elective, provided that the people of Albany approved such a step by a vote at the November, 1970 general election. Had the Legislature intended to repeal chapter 462, it would undoubtedly have so declared. Stated somewhat differently, since the Legislature had already manifested its intent (by chapter 462) to make the board elective, it makes no sense for it to have passed a second law, three *216 days later, which would delay the election without indicating that such was its design and purpose.
This brings us to the appellant’s arguments that chapter 462 is unconstitutional. As to the contention asserted below, we need but state that we agree with the Appellate Division that that enactment does not violate section 17 of article III of the State Constitution. The appellant’s other constitutional argument— not previously advanced in the lower courts — is that chapter 462 violates section 4 of article VIII of the Constitution (dealing with a city’s taxing and debt contracting powers). With respect to that point, it is enough to say that, even if we were to depart from our frequently stated rule and consider a constitutional question raised for the first time in this court (see, e.g., Schillawski v. State of New York, 9 N Y 2d 235, 240; Matter of Hood & Sons v. Du Mond, 297 N. Y. 209, 213; Cohen and Karger, Powers of the New York Court of Appeals, p. 641; cf. Matter of Glen Mohawk Milk Assn. v. Wickham, 21 N Y 2d 719), the new constitutional question which the appellant asserts is not presented, since no issue relating to Albany’s taxing and debt contracting powers is here involved.
The order of the Appellate Division should be affirmed, without costs.

. As the Appellate Division put it (37 A D 2d 213, 216), “ [a]rticle 52 specifically enumerates and limits its application to six cities only, including Albany. We are of the opinion that a decrease in population to under 125,000 did not ipso facto remove Albany from the regulating scope of article 52. Implementing legislation will be required to accomplish this result.”