Hon. George Fesko Chairman, Pro Tem New York State Soil and Water Conservation Committee
This is in response to the request of W.F. Croney, Executive Secretary for the Committee, for an opinion on the following question:
 "`Are the staffs and governing bodies of soil and water conservation districts protected as state or county agencies from public liability claims when the district is executing aquatic weed control procedures using either chemical or mechanical means?'"
Elaborating on the foregoing question, Mr. Croney stated that what is sought is an opinion as to whether the district staffs and governing bodies are "protected in the same way that employees of the [New York State] Department of Environmental Conservation or county employees are protected when they carry out a similar activity in and on waters of the state".
It is well settled that, in the absence of specific legislative authority to do so, a governmental unit including the State and its counties, has neither a duty nor authority to hold its officers and employees harmless against personal liability incurred in the performance of their duties (Matter of Chapman v City of New York, 168 N.Y. 80 [1901]; Olmstead vBritton, 48 A.D.2d 563, 539 [4th Dept, 1975]; Wassef v State of NewYork, 98 Misc.2d 505, 507 [Court of Claims, 1979]; Fiebinger v City ofNew York, 182 Misc. 1007 [Sup Ct, Kings Co, 1944]).
Accordingly, we must examine the Soil and Water Conservation Districts Law, the statute pursuant to which a soil and water conservation district is created, to determine whether (1) there is a provision authorizing such a district to hold its governing body and employees harmless against personal liability incurred in the performance of their duties or (2) whether — since such a district is coterminous with a county (Soil and Water Conservation Districts Law, § 3) and the County creates it (id., § 5), may discontinue it (id., § 12), and controls its budget (id., §§ 7 and 9 [6]), it may be considered to be a political subdivision of the County, in which event its governing body and staff would have the same protection provided to County employees by statute (County Law, §§ 409, 501, see, also, § 53). We need not discuss whether district governing bodies and employees are protected in the same manner as State officers and employees (see, Public Officers Law, §17) since it is clear from the provisions of the Soil and Water Conservation Districts Law citied in the preceding sentence that a district is not a subdivision of the State.
Examination of the Soil and Water Conservation Districts Law reveals no provision providing for defense or indemnification of district staffs or governing bodies.
With respect to whether a soil and water conservation district may be considered to be a subdivision of the County, opinions of the Attorney General over the years have consistently opined that, at least insofar as its employees are concerned, the district — having the right, under section 9 of the law, to sue and be sued in its own name, enter into contracts, control its own operations and purchase and sell real estate — is a political subdivision separate and distinct from the County and is not one and the same entity as the County (1947 Ops Atty Gen 309-310; 1944 Ops Atty Gen 207; 1942 Ops Atty Gen 430). This conclusion is further buttressed by the fact that subdivision 12 of section 9 authorizes a county to permit a district to use the County's highway equipment provided that the district compensates the County therefor and provides liability and property damage insurance to protect the County, and that subdivision 13 provides that the County Attorney shall render legal services requested by the district. Obviously, these provisions would be unnecessary if the district had no identity separate and distinct from the County.
In view of the foregoing, it must be concluded that the governing bodies and staffs of soil and water conservation districts, not having statutory protection and not being State or County officers or employees, do not have the same protection afforded State and County employees against personal liability which may arise from performance of their duties.
We recognized the unfairness to district employees implicit in our conclusion. Those employees do work similar to that done by State and County employees, both of whom have protection from liability. Unfortunately, as we pointed out earlier, only the Legislature can authorize such protection.