■ JODI HOROWITZ, Appellant, v INCORPORATED VILLAGE OF ROSLYN et al., Defendants, and COUNTY OF NASSAU et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County (Molloy, J.), entered March 3, 1987, as, upon granting the motion of the defendants County of Nassau and Nassau County Department of Highways for summary judgment dismissing the complaint insofar as it is asserted against them, is in their favor and against the plaintiff.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

This action is to recover damages for personal injuries sustained by the plaintiff in June 1982 when the motor vehicle she was operating was struck by another vehicle on a roadway owned and allegedly negligently maintained by the defendants County of Nassau and Nassau County Department of Highways. On July 13, 1983, the plaintiff served a summons and complaint on the Nassau County Clerk, pursuant to CPLR 311 which provides that

"service upon * * * governmental subdivision shall be made by delivering the summons * * *

"upon a county, to the chairman or clerk of the board of supervisors, clerk, attorney or treasurer" (CPLR 311 [4]). On the same date, by an interdepartmental memorandum, the County Clerk's office forwarded the summons and complaint to the County Attorney, for it is either he or the County Executive upon whom service of "[a]ll process and papers for the commencement of actions and legal proceedings against the county of Nassau or any * * * department * * * thereof" must be made pursuant to Nassau County Administrative Code § 11-4.0 (L 1939, chs 272, 701-709, as amended).

Issue was joined in August 1983 the respondents asserting various affirmative defenses, among them that "[p]laintiff has not complied with the Nassau County Administrative Code", and "[t]here is no jurisdiction over the County of Nassau and the Nassau County of Highways *[sic]* as named defendants". The respondents' subsequent motion for summary judgment

dismissing the complaint was granted, on the ground that personal jurisdiction had not been acquired over the respondents inasmuch as service was not effectuated pursuant to the Nassau County Administrative Code. We affirm.

The provision of the Nassau County Administrative Code regarding service of process was enacted as part of a special law (L 1939, ch 272, as amended by L 1947, ch 187) prior to the enactment of CPLR 311 which is a general law. Therefore, the canon of statutory construction which governs in this case is that where a specific statute is inconsistent with a statute general in nature, the former governs (see, Matter of Holland v Bankson, 290 NY 267; Rogers v Village of Port Chester, 234 NY 182; Board of Coop. Educ. Servs. v Goldin, 38 AD2d 267, 273; DiMaggio v DeMatteis & Son, 9 Misc 2d 1025, 1026). The case of Crawford v City of Newburgh (231 App Div 613 [holding that the Civ Prac Act implicitly repealed the previously enacted provision of Newburgh City Charter relating to service of process]), upon which the opinion expressed in the dissent is largely based, is inapposite since, in that case, the Legislature clearly intended for the subsequent general law to overrule the prior special law.

In Crawford v City of Newburgh (supra at 615), the court expressly noted that the former Civil Practice Act applied, by its own terms, "to all actions and special proceedings hereafter commenced". More importantly, the court noted that, in connection with actions or proceedings against the City of New York only, the former Civil Practice Act specifically provided that previously enacted special laws would remain unaffected, thus allowing the inference that with respect to actions or proceedings against municipalities other than the City of New York, previously enacted special laws should be deemed repealed to the extent that they are inconsistent with the subsequently enacted general law (see, Crawford v City of Newburgh, supra, at 614-617). There was thus a firm basis upon which the Crawford court could conclude that the former Civil Practice Act, when originally adopted, was intended to "sweep away all the irregularities and peculiarities of the provisions for practice theretofore enacted" (Crawford v City of Newburgh, supra, at 615). In contrast, the CPLR, by its own terms, was made applicable "except where the procedure [to be used in civil judicial proceedings] is regulated by inconsistent statute" (CPLR 101).

Repeals by implication are heavily disfavored by the courts (McKinney's Cons Laws of NY, Book 1, Statutes § 391, at 553; see also, Matter of Consolidated Edison Co. v Department of

*Envtl. Conservation,* 71 NY2d 186, 195; *Ball v State of New York,* 41 NY2d 617, 622; *Matter of Corning v Donohue,* 29 NY2d 209, 215). In enacting a special law, the Legislature is presumed to have acted with reference to those circumstances which prevail in a particular locality, rather than with reference to those circumstances which prevail in the State as a whole, so that there will always be a rational basis for any apparent inconsistency between a special and a general law. Thus, the principle that repeals by implication are disfavored will apply with particular force when it is claimed that a prior special law has been implicitly repealed by a subsequent general law *(see, Durante v Evans,* 116 Misc 2d 814, 820, *mod on other grounds,* 94 AD2d 141; *see also, Cimo v State of New York,* 306 NY 143, 149; McKinney's Cons Laws of NY, Book 1, Statutes § 396). Similarly, a special law enacted subsequent to an apparently inconsistent general law will, in general, be viewed as "the creation of an exception to the general rule" (McKinney's Cons Laws of NY, Book 1, Statutes § 397, at 576) and will be given effect *(see, Bloom v Town Bd.,* 80 AD2d 823, 824; *Board of Coop. Educ. Servs. v Goldin,* 38 AD2d 267, *supra).*

In light of the general rules of construction applicable to this case, and in light of the terms of CPLR 101, in which the Legislature explicitly disclaimed the intent to repeal any statutes which provide for procedural rules inconsistent with those found in the CPLR, we conclude that Nassau County Administrative Code § 11-4.0 (L 1939, ch 272 as amended by L 1947, ch 187) takes precedence over the terms of CPLR 311 (4). The plaintiff's failure to comply with the former provision renders service defective.

Further, the plaintiff's claim that the defect in service was cured by the County Clerk's immediate redelivery of the summons and complaint to the County Attorney is without merit. As has been recently observed by the Court of Appeals, "[w]hen the requirements for service of process have not been met, it is irrelevant that defendant may have actually received the documents" *(Raschel v Rish,* 69 NY2d 694, 697; *see, Macchia v Russo,* 67 NY2d 592; *McDonald v Ames Supply Co.,* 22 NY2d 111, 114-115).

Finally, we do not address the plaintiff's challenge to the sufficiency of the affirmative defenses implicated herein *(see,* CPLR 3013, 3018 [b]), for it is well settled that "questions not raised at the trial court, which might have been obviated by the action of the court then, or by that of the other party, will not be heard on appeal as ground of error" *(Cohn v Goldman,*

76 NY 284, 287; *see, Telaro v Telaro,* 25 NY2d 433, 438; *Orellano v Samples Tire Equip. & Supply Corp.,* 110 AD2d 757, 758). Bracken, J. P., Kunzeman and Spatt, JJ., concur.

Rubin, J., dissents and votes to reverse the judgment insofar as appealed from, on the law, and to deny so much of the motion of the defendants County of Nassau and Nassau County Department of Highways as was for summary judgment dismissing the plaintiff's complaint insofar as it is asserted against them, with the following memorandum: It is undisputed that the plaintiff commenced the instant action against the County of Nassau (hereinafter the County) and the Nassau County Department of Highways (hereinafter the Highway Department) by serving the summons and complaint upon the Nassau County Clerk. After issue was joined, the County and the Highway Department moved, *inter alia,* for summary judgment dismissing the plaintiff's complaint insofar as it is asserted against them, based upon the contention that personal jurisdiction had never been acquired due to the plaintiff's failure to effectuate service of process in accordance with Nassau County Administrative Code § 11-4.0 (L 1939, chs 272, 701-709, as amended). Nassau County Administrative Code § 11-4.0 provides that ·"[a]ll process and papers for the commencement of actions and legal proceedings against the county of Nassau or any * * * department * * * thereof, shall be served either upon the county executive or the county attorney". The plaintiff, in serving process, relied upon CPLR 311 (4) which provides that personal service upon a county shall be made by delivering the summons "to the chairman or clerk of the board of supervisors, clerk, attorney or treasurer".

The sole issue on appeal is whether the method of service of process upon Nassau County and its Highway Department is controlled by Nassau County Administrative Code § 11-4.0, a special act enacted by the State Legislature in 1939 *(see,* L 1939, ch 272, as amended by L 1947, ch 187), or by CPLR 311, a general statute enacted by the State Legislature in 1962 to take effect September 1, 1963 *(see,* L 1962, ch 308).

The Legislature has the right to enact special provisions governing the service of a summons in an action brought against a county *(cf., Crawford v City of Newburgh,* 231 App Div 613, 614). However, " '[t]here is no rule of law which prohibits the repeal of a special act by a general one, nor is there any principle forbidding such repeal without the use of words declarative of that intent' " *(People ex rel. Fleming v Dalton,* 158 NY 175, 184, quoting from Sutherland, Statutory Construction § 159). " 'A general statute will repeal special or

local acts without expressly naming them, where they are inconsistent with it, and where it can be seen from the whole enactment that it was the intention of the legislature to sweep away all local peculiarities thus sanctioned by special acts, and to establish one uniform system' " *(People ex rel. Fleming v Dalton, supra,* at 184, quoting from Black, Interpretation of Laws § 153; *Crawford v City of Newburgh, supra,* at 614-615). The question of whether a repeal has been made is always one of legislative intent *(Gerry v Volger,* 252 App Div 217, 220).

"If the statutes are so inconsistent that the prior special act cannot operate when the general act is given the fair construction required by its language, the former must be deemed abrogated since the inconsistency sufficiently indicates an intent to repeal the earlier statute * * *.

"Similarly, the intent to repeal a former special law may be shown when the Legislature enacts a consolidating law designed to cover the whole subject and furnish the only rule on the subject" *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 396, at 574; *see generally,* 56 NY Jur, Statutes, § 87).

With New York's three previous general practice acts *(see,* Civ Prac Act of 1921, Code Civ Pro of 1870's and Field Code of 1848), the Legislature had never achieved uniformity of procedure in the different courts and in the different areas of the State. In enacting the CPLR, which is a comprehensive. Statewide law for governing practice and procedure in civil judicial proceedings, the Legislature was cognizant that: "To some extent * * * uniformity is either impossible or undesirable. Variations are required by differences in the jurisdiction and functions of the various courts. Most would contend, for example, that the Family Court should be permitted great latitude in developing the procedures best suited to the kinds of controversies that it handles * * *. It is equally clear that local conditions in different areas of the state will often call for variations in practice—the need for different calendar practice in metropolitan and rural areas affords the best example" *(see,* 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 101.05).

Additionally, the nature of certain actions and special proceedings demand distinctions in practice and procedure *(see, e.g.,* RPAPL art 13 [action to foreclose a mortgage]; Domestic Relations Law art 5-A [Uniform Child Custody Jurisdiction Act]). Nevertheless, the different procedures in the courts and areas of the State had always exceeded the need for such variation *(see,* 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 101.05). Consequently, the intention of the Legislature in

enacting the CPLR was to establish a maximum degree of uniformity of procedure and practice in the different courts and in the different areas of the State *(see,* 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 101.10). Absent a genuine need for variation, the general law and rules set forth in the CPLR were to govern the procedure in all courts of civil jurisdiction. This intention is reflected in CPLR 101, which expressly provides that "[t]he civil practice law and rules *shall govern* the procedure in civil judicial proceedings in *all* courts of the state and before all judges, *except where the procedure is regulated by inconsistent statute"* (emphasis supplied). The term civil judicial proceeding embraces all motions, actions and proceedings *(see,* CPLR 105 [b], [d]). It bears repeating that the purpose of the deference to an inconsistent statute was "to make the CPLR the generally applicable body of procedural law, while also enabling more specific statutes to govern in *special situations or in courts with particularized functions"* (Siegel, NY Prac § 2 [emphasis supplied]).

In *Crawford v City of Newburgh* (231 App Div 613, 614, *supra),* this court held that service of process upon the city clerk, in an action against the City of Newburgh, constituted proper service under Civil Practice Act § 228 (2) notwithstanding the requirement of Newburgh City Charter § 192 that "[e]very process commencing an action against the city shall be served on the mayor and not otherwise". In an action against a city, aside from New York City, Civil Practice Act § 228 (2) authorized personal service of the summons upon, *inter alia,* the Mayor, comptroller, treasurer, counsel, attorney or clerk of a municipality. This general statute was enacted after the enactment of the City of Newburgh Charter, a special act. Since the former Civ Practice Act was a comprehensive State-wide law designed to cover the whole subject of practice and procedure in all civil actions and special proceedings commenced after the statute's effective date *(see,* Civ Prac Act § 1568), this court found that the Legislature intended to provide a uniform method for service of process upon a municipality and to repeal inconsistent methods sanctioned by previously enacted special acts. This court also found the Newburgh City Charter provision was inconsistent with the subsequently enacted former Civil Practice Act § 228, because the number of persons authorized by the special act to accept service of process on behalf of the city was more restrictive than the persons designated to accept service under the general act. Based on these two findings, the general act (former Civ Prac Act § 228) was construed as repealing by implication the special act (Newburgh City Charter § 192).

Similarly Nassau County Administrative Code § 11-4.0 is inconsistent with CPLR 311, because the special act as compared with the general act markedly restricts the officials authorized to accept service on behalf of the County. Furthermore, the Legislature, when enacting the CPLR, intended to provide, to the maximum extent possible and desirable, uniform rules to govern procedure and practice in civil cases in all courts and in all areas of this State. The County has neither identified nor am I able to discern any legitimate local need in Nassau County to warrant a variation in the method provided in CPLR 311 for effectuating service of process upon a county. The restrictive variation sanctioned by the special act only serves to create a trap for the unwary practitioner—a pitfall for a plaintiff with a meritorious claim that the Legislature intended to obviate by furnishing uniform rules for service of process upon public corporations.

For the aforenoted reasons, I am of the opinion that CPLR 311, a general act, repealed by implication Nassau County Administrative Code § 11-4.0, a special act, insofar as the latter prescribes an inconsistent method for service of process upon the County of Nassau and its political subdivisions. Since the plaintiff served the summons and complaint in accordance with CPLR 311 (4), personal jurisdiction was acquired over the County and the Highway Department.