*570 OPINION OF THE COURT
Chief Judge Wachtler.
Appellant Ling Ling Yung, administratrix of the estate of Man Kwong Yung, commenced a wrongful death action against the respondent County of Nassau by service of summons and complaint on its County Clerk pursuant to CPLR 311 (4), which applies to suits brought against a county and requires that personal service be made upon the county’s chairperson or clerk of the board of supervisors, clerk, attorney or treasurer. The respondent County of Nassau moved for dismissal of the action based on lack of jurisdiction over the County. Section 11-4.0 of the Nassau County Administrative Code requires that a party suing the County serve the Nassau County Executive or Attorney. Because Yung had served the County Clerk and not the County Executive or Attorney, as required by Nassau County law, service was deemed defective and Supreme Court dismissed the action as against the County. The Appellate Division affirmed, relying on its decision in Horowitz v Incorporated Vil. of Roslyn (144 AD2d 639), and certified the following question to this Court: "Was the order of this court properly made?”
It is well established that " '[a] general statute will repeal special or local acts without expressly naming them, where they are inconsistent with it, and where it can be seen from the whole enactment that it was the intention of the legislature to sweep away all local peculiarities thus sanctioned by special acts, and to establish one uniform system.’ ” (People ex rel. Fleming v Dalton, 158 NY 175, 184, quoting Black, Interpretation of Laws § 153; see also, Crawford v City of New-burgh, 231 App Div 613, 614-615.) Section 11-4.0 of the Nassau County Administrative Code predates the CPLR and applies *571 specifically to actions brought against Nassau County. We conclude, based upon the broad scope of the CPLR and the Legislature’s clear intention that the CPLR standardize the State’s civil practice, that the special local statute must give way to the later general one. Both parties concede that CPLR 311 and section 11-4.0 of the Nassau County Administrative Code are completely inconsistent and cannot be reconciled.
Although, according to CPLR 101, the CPLR governs "the procedure in civil judicial proceedings in all courts of the state and before all judges, except where the procedure is regulated by inconsistent statute” (emphasis added), we agree with the appellant that this language refers to specialized practice and procedure in Supreme Court and before such courts as the district, city, town and village courts, or other inconsistent procedural provisions in statutes of general applicability (see, e.g., Town Law § 267 [7]; Village Law § 7-712 [3]; General City Law § 38).
Our examination of the legislative history has led us to conclude that CPLR 101 is best understood as a response to the reorganization of the court system that was undertaken at roughly the same time as the CPLR was drafted. The lower courts of civil jurisdiction, which were governed by special statute and which survived the creation of the Unified Court System, were intended to be made part of that system’s unified practice and procedure, as embodied by the CPLR, as far as possible. As part of this reorganization of the judiciary, many of the individual court acts were completely revised. A new Family Court Act was passed. The Uniform District Court Act, the Uniform City Court Act, an amended New York City Civil Court Act, and a Uniform Justice Court Act (applying to all town and village courts) were drafted to provide uniform practice and procedure within those courts, and further, contained the same numbering system so that the different acts were uniform with respect to each other.
The drafters of the different statutory and constitutional provisions that brought about this multifaceted overhaul of New York’s judicial system recognized that certain courts had special needs and jurisdictional limitations. As a result, they stated explicitly in the court acts that were adopted following the creation of the Unified Court System that the CPLR was to be applicable only to the extent that it was not inconsistent with the more specific provisions contained in the individual court acts (see, CCA 2102; UDCA 2102; UCCA 2102; UJCA *572 2102; see generally, Siegel, General Practice Commentary on Lower Court Acts [CCA, UDCA, UCCA and UJCA] and Their Background, McKinney’s Cons Laws of NY, Book 29A). Based upon our reading of the legislative history, CPLR 101 is a parallel provision, providing that the CPLR is to govern civil practice and procedure, but only to the extent that it is not inconsistent with the procedure of the individual courts as described in their court acts.
Supreme Court, Nassau County, is not a special court of limited jurisdiction. It is a court of general jurisdiction. There is no indication anywhere in the CPLR’s legislative history that the drafters intended localities in which Supreme Court sits to be able, in effect, to opt out of the CPLR and continue to rely upon special service of process rules that exact an unfair disadvantage from attorneys not familiar with local procedure. In fact, all the legislative history points to the opposite — that under the CPLR, procedure was to be regularized to the maximum extent possible and that anomalies were to be tolerated only in certain specific instances and in courts that traditionally possessed narrower jurisdiction and that had specialized rules and practice. To allow the County to continue to impose more stringent service of process requirements and to hold attorneys to a higher standard would undermine the uniformity and compromise the predictability of the CPLR.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the defendant County of Nassau’s motion to dismiss denied. The certified question should not be answered as unnecessary.
Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order reversed, etc.