■ ANNOGUIE VIRUET, Respondent, v CITY OF NEW YORK et al., Appellants. [715 NYS2d 406] —Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered July 8, 1999, as amended by order, same court and Justice, entered on or about November 24, 1999, which, in an action for dental malpractice, insofar as appealed from, denied defendant New York City Health and Hospitals Corporation's (HHC) motion to dismiss the complaint for failure to serve a timely notice of claim, unanimously affirmed, without costs.

Plaintiff served her notice of claim on HHC by delivering it to the Corporation Counsel, claiming authority for such service under General Municipal Law § 50-e (3) (a), which provides, insofar as pertinent, for service on a public corporation by delivery "to an attorney regularly engaged in representing such public corporation." HHC argues that such service was invalid, invoking, McKinney's Unconsolidated Laws of NY § 7401 (2) and § 7405 (New York City Health and Hospitals Corporation Act [L 1969, ch 1016, § 1, as amended] § 20 [2];

§ 24). The former section, insofar as pertinent, conditions commencement of a personal injury action against HHC upon the filing of a notice of claim "with a director or officer" of HHC and makes all of the provisions of section 50-e applicable to such notice of claim, and the latter section, insofar as pertinent, provides that section 7401 (2) is to control over any inconsistent general, special or local laws. Section 7401 (2) was enacted in 1969 and amended in 1973 (L 1973, ch 877) to add the provision making applicable all of the provisions of section 50-e; section 7405 was enacted in 1969; and section 50-e was enacted in 1945 and amended in 1976 to, among other things, add the provision allowing service on an attorney regularly engaged in representing the public authority against which a claim is being made, i.e., "a person best equipped to initiate the procedures necessary to determine promptly whether a claim has merit, the avowed purpose of a notice of claim" (Graziano, Recommendations Relating to Section 50-e of the General Municipal Law and Related Statutes, 21st Ann Report of NY Jud Conf, at 394-395 [1976]). The amendment was part of a larger legislative program to achieve " 'a more equitable balance' " between a public corporation's need for prompt notification of claims and an injured person's interest in just compensation (Mem of Jud Conf, 1976 NY Legis Ann, at 7). Included in the Governor's Bill Jacket for that legislation (L 1976, ch 745) was a letter from the Office of the Mayor of the City of New York unsuccessfully arguing against the amendment because it would place an "unreasonable burden" on the Corporation Counsel and delay investigation by requiring the "re-routing" of notices. In view of the foregoing, we are persuaded that to the extent the special and local McKinney's Unconsolidated Laws of NY § 7401 (2) requires that service be made only on an officer or director of HHC, it must give way to the general, uniform and later General Municipal Law § 50-e (3) (a) (*see, Ling Ling Yung v County of Nassau*, 77 NY2d 568, 570-571). To the extent *Robles v City of New York* (251 AD2d 485 [2d Dept], *lv granted* 93 NY2d 802, *appeal withdrawn* 94 NY2d 783) is to the contrary, we decline to follow it. Concur—Sullivan, P. J., Rosenberger, Williams, Ellerin and Buckley, JJ.