J. Nelson Hood, Sr. Informal Opinion Village Attorney No. 2005-9 Village of Haverstraw Municipal Building 40 New Main Street Haverstraw, New York 10927
Dear Mr. Hood:
You have requested an opinion as to whether the local law by which the Village Board abolished the Village's police department was subject to mandatory referendum. You have indicated that the local law, by its terms, was subject to permissive referendum, but no petition was filed, and no referendum was held. Response to your inquiry requires consideration of both Chapter 524 of 1936, which is special state legislation pertaining to police departments in villages in Rockland County, and Village Law § 8-800, which generally authorizes a village board of trustees to create and abolish police departments.
Legislative Background
In 1935, the Legislature amended Village Law § 188-a — the predecessor of the current Village Law § 8-800 — which generally authorized the establishment of village police departments, to include provisions specifically directed at villages in Rockland County. Act of May 16, 1935, ch. 953, § 1, 1935 N.Y. Laws 1853. The amendment required the first-, second-, and third-class villages in Rockland County to create police departments, and authorized fourth-class villages to establish police departments if they wished to do so. Id. The amendment further provided that, in the event that the board of trustees of a village in Rockland County subsequently wished to abolish its police department, such proposition be submitted to a mandatory referendum. Id.
In 1936, the Legislature again amended Village Law § 188-a to,inter alia, remove from the Village Law the provisions relating specifically to Rockland County. See Act of May 9, 1936, ch. 479, § 1, 1936 N.Y. Laws 1200. Just days thereafter, the provisions relating to Rockland County were placed in the unconsolidated laws. See Act of May 11, 1936, ch. 524, § 3, 1936 N.Y. Laws 1256, 1257; see also Letter from Laurens M. Hamilton, Assembly sponsor, to Charles Poletti, Counsel to the Governor (May 5, 1936),reprinted in Bill Jacket for ch. 524 (1936) ("The purpose of [this bill] is to place in the unconsolidated laws special provisions as to the . . . village police . . . in Rockland County which were enacted last year by Chapter 953."). Village Law § 188-a continued to regulate the creation and abolition of police departments in villages that were not the subject of special state legislation.
The amendment relocating the Rockland County provisions to the unconsolidated laws ("Chapter 524") did not alter the status of these provisions as special legislation governing only Rockland County or alter the substance of the law relating to the creation and abolishment of village police departments in that county: under the provisions, first-, second-, and third-class villages in Rockland County were still required to establish police departments, while fourth-class villages were authorized to do so if they chose to, and, if the village board of trustees subsequently wanted to abolish the police department, a proposition had to be approved by a majority of the qualified voters voting on the proposition. Act of May 11, 1936, ch. 524, § 3. Section 1 of Chapter 524 provided that, "[n]otwithstanding any other provisions of law, the employment of village policemen and the establishment, organization and operation and all matters concerning police or police departments in all villages in the county of Rockland shall be governed by the provisions of this act."[1] Id. § 1.
Section 3 of Chapter 524, governing the establishment and abolition of police departments in villages in Rockland County, was subsequently amended in 1941, but this amendment did not alter the requirement that the abolition of a police department by a village in Rockland County had to be approved by mandatory referendum.[2] See Act of April 15, 1941, ch. 431, 1941 N.Y. Laws 1141, 1142.
In 1972, the Legislature recodified the Village Law, repealing the provisions that remained in section 188-a and enacting section 8-800. See Act of June 8, 1972, ch. 892, 1972 N.Y. Laws 3431, 3507-08. Section 8-800 authorizes the board of trustees of a village to "abolish a police department established pursuant to this section by local law, subject to permissive referendum."[3]
Village Law § 8-800.
Analysis
You have asked whether a mandatory referendum, pursuant to section 3 of Chapter 524, or a permissive referendum, pursuant to Village Law § 8-800, was necessary to effect the abolition of the police department in the Village of Haverstraw. We conclude that the local law was subject to mandatory referendum.
Section 3 of Chapter 524 is still in effect unless it was repealed by the enactment of the recodified Village Law in 1972. A general law will not, however, impliedly repeal a special law unless the legislative intent to effect such a repeal is clearly demonstrated. See People ex rel. Savory, Inc. v. Plunkett, 295N.Y. 180, 183 (1946); Horowitz v. Roslyn, 144 A.D.2d 639, 641 (2d Dep't 1988) ("[T]he principle that repeals by implication are disfavored will apply with particular force when it is claimed that a prior special law has been implicitly repealed by a subsequent general law."); see also Statutes § 396, 1 McKinney's Cons. Laws of N.Y. at 569 (1971).
Recodifying the Village Law, the Legislature was in fact explicit in its intent not to repeal section 3 of Chapter 524: "This chapter shall not be deemed to repeal or otherwise affect the provisions of any special . . . law . . . of any county, it being the intention of the legislature that the same shall continue in full force and effect until and unless otherwise duly amended, repealed or affected." Village Law § 23-2202.
In light of the expressed intent to preserve existing special laws relating to counties upon the re-enactment of the Village Law and the lack of relevant amendment to section 3 of Chapter 524, we are of the opinion that section 3, as otherwise amended, governs the abolition of the Village of Haverstraw's police department, and thus that the local law was subject to mandatory referendum. Cf. 1977 Op. Att'y Gen. (Inf.) 191 (recodification of Village Law did not supersede existing village charter provisions enacted by special law).
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
KATHRYN SHEINGOLD, Assistant Solicitor General
In Charge of Opinions
[1] The operation of the Haverstraw police department, which you have indicated was established in 1929, was thus made subject to Chapter 524.
[2] To the best of our knowledge, and in accord with your representations, we are aware of no other relevant amendments to chapter 524.
[3] A provision in the Village Law subjecting an act or resolution of the board of trustees to "permissive referendum" requires the submission of the act or resolution to a referendum on petition as set forth in Village Law § 9-902. Village Law § 9-900(1). If, within 30 days after the adoption of an act or resolution of the village board of trustees subject to referendum on petition, a petition — signed and acknowledged by at least 20% of the village electors — protesting the act or resolution and requesting that it be submitted to referendum is filed with the village clerk, then the act or resolution does not take effect unless it is approved by a majority of the qualified voters of a village voting on the proposition. Id. § 9-902(1).