■ FREIDA E. KNOX, Appellant, v NEW YORK CITY BUREAU OF FRANCHISES AND NEW YORK CITY, Respondent, et al., Defendants. [853 NYS2d 573]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated April 4, 2006, as, in effect, granted that branch of the motion of the City of New York, incorrectly sued herein as New York City Bureau of Franchises and New York City, which was for leave to renew its prior motion for summary judgment dismissing the complaint insofar as asserted against it, which had been denied in an order of the same court dated February 9, 2005, and upon renewal, granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

Service of a notice of claim within 90 days after a claim arises is a condition precedent to a lawsuit against a municipality (*see* General Municipal Law § 50-e [1] [a]; *Brown v City of New York* 95 NY2d 389, 392 [2000]; *Matter of Hicks v City of New York,* 8 AD3d 566 [2004]). Proper parties for service of a notice of claim against the City of New York are the Corporation Counsel or his or her designee (*see* CPLR 311 [a] [2]; *Viruet v City of New York,* 181 Misc 2d 958, 961 [1999], *affd* 277 AD2d 33 [2000]) or the Comptroller of the City of New York (hereinafter the Comptroller; *see* Administrative Code of City of NY § 7-201 [a]; *Herrera v Duncan,* 13 AD3d 485 [2004]; *see also Matter of LFL Gallery, Inc. v City of N.Y., Dept. of Envtl. Protection,* 11 Misc 3d 519, 523 [2006]).

In this case, the City of New York, incorrectly sued herein as New York City Bureau of Franchises and New York City (hereinafter the City), made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that the plaintiff served neither the Corporation Counsel, a designee, nor the Comptroller, and failed to seek leave to serve a late notice of claim prior to the expiration of the applicable statute of limitations (*see* General Municipal Law § 50-e [5]). In opposition to that branch of the motion, the plaintiff failed to raise a triable issue of fact. Accordingly, upon renewal, the Supreme Court properly granted that branch of the City's motion which was for summary judgment dismissing the complaint insofar as asserted against it (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]).

The parties' remaining contentions are without merit or need not be reached in light of our determination. Spolzino, J.P., Miller, Dillon and McCarthy, JJ., concur.