OPINION OF THE COURT
Donald H. Miller, J.
Plaintiffs, county clerks in and for the Counties of Kings, Queens, Bronx, New York and Richmond, bring this action averring that they, as such officers, have the right and power pursuant to law to appoint deputy county clerks and counsel to the county clerk without restrictions, conditions or interference from the named defendants, and compelling said defendants to recognize the appointments of certain deputy county clerks and counsel, the other named plaintiffs herein, and to acknowledge their titles to their respective offices and accord them all the privileges, benefits, entitlements, compensation and emoluments due their office.
Defendants interpose an answer generally denying the allegations of the complaint and as an affirmative defense *815 move to dismiss the complaint on the ground that it fails to state a cause of action. Defendants also seek a change of venue and submit a demand for interrogatories.
Plaintiffs move for summary judgment declaring their right of appointment to the positions in question, dismissing the affirmative defense and for a protective order striking defendants’ interrogatories as improper, burdensome, unenforceable and unnecessary. Plaintiffs also challenge defendants’ demand for change of venue.
Defendants’ application for change of venue is denied. The fact that this matter, which is nonjury, has been referred to me, a Supreme Court Justice from Syracuse sitting on temporary assignment in Kings County, Brooklyn, New York, pursuant to an order of the Chief Judge, is tantamount to a change of venue rendering any discussion with respect to venue moot and academic.
In view of the status of the legal issues involved the court does not deem it necessary to direct plaintiffs to submit to the interrogatories requested; they are not germane to the legal questions raised in this action.
The material facts are simple and uncontroverted. The county clerks herein made certain appointments to their respective staffs including the named deputy county clerks and counsel to the county clerk in Richmond County. However, defendant Herbert B. Evans, Chief Administrative Judge, refused to recognize the appointments made and plaintiffs’ efforts to effectuate those appointments were stymied, defendants insisting that as a result of court reorganization all appointments to the courts or court-related agencies must adhere to newly adopted procedures including posting of vacancies, review of qualifications and interviews and final approval by the Chief Administrative Judge.
Plaintiffs disclaim any such legal obligation and bring this action.
The parties have submitted several affidavits and briefs in support of their respective causes and the over-all tone of the arguments presented seems to suggest serious questions of fact requiring further investigation. However, a closer look reveals that the factual inconsistencies concern *816 peripheral issues and do not deal with the central legal question as to who is legally constituted to appoint the various personnel assigned to the county clerk, particularly his deputy and counsel; the controlling issue is not who appointed these individuals in the past but rather in whom does this power to appoint reside. Defendants seem to recognize that this is the central question to be resolved when they state on page 2 of their reply memorandum of law: “In an attempt to show that New York City County Clerks are not part of the court system, plaintiffs have raised factual contentions concerning the role of the Appellate Divisions with respect to the New York City County Clerks’ Offices prior to 1976. However, these factual claims are not material to the real issue in this action.”
The nature of the duties of the county clerk, whether judicial or otherwise, has no bearing on the procedural investigation required in a motion for summary judgment. The initial inquiry is whether there are issues of fact presented; issue finding, rather than issue determination, is the key to the procedure (Falk v Goodman, 7 NY2d 87). The parties have stressed and the court is satisfied that there are no issues of fact involved sufficient to defeat either motion for summary judgment.
The county clerk’s office is a creature of statute and therefore any inquiry regarding the rights of the parties must of necessity involve an analysis of the pertinent statutes.
The appointment, the removal and the salaries of the county clerks are fixed in section 908 of the County Law with reference to section 13 of article XIII of the New York State Constitution, which reserves the power of appointment and removal of the county clerks in the Appellate Division of the judicial department in which the county is located.
The County Law further provides for additional general duties of the county clerks (§ 909), official undertakings of county clerks (§ 910), the county clerks’ right to appoint counsel (§ 911), and the obligation to appoint a deputy (§ 526). It is patently clear that the County Law leaves no *817 room for debate as to who possesses the power to appoint deputy county clerks and counsel to the county clerks; that power is expressly reserved for the county clerk under statutory mandate.[1]
Defendants do not seriously challenge this conclusion[2] but urge that by virtue of the subsequent passage of various court reorganization acts and constitutional amendments the county clerk was put under the aegis of the Chief Judge of the Court of Appeals. Defendants take the position that by implication the Unified Court Budget Act of 1976 expressly placed the New York City county clerks’ offices within the Unified Court System and when the Chief Administrative Judge assumed, in 1978, his constitutional role to supervise the administration and operation of the Unified Court System, he assumed this role over the New York county clerks’ offices.
Specifically, defendants argue that under the 1962 constitutional court reorganization amendment (NY Const, art VI, §§ 1, 28), the Administrative Board of the Judicial Conference was vested with authority and responsibility for the administrative supervision of the Unified Court System, with the four Appellate Divisions given the power to supervise the administration and operation of the courts in their respective departments; that the 1962 constitutional reorganization created sweeping changes in the court system with the Administrative Board being given the power to deal with all personnel matters.
Defendants contend that former section 212 of the Judiciary Law (repealed L 1978, ch 156, § 6) placed within the Administrative Board the power to adopt standards and policies relating to appointments of nonjudicial personnel of the Unified Court System; and that former section 214 of the Judiciary Law (repealed L 1978, ch 156, § 6) gave to the Appellate Divisions administrative powers and duties vested in any nonjudicial personnel of the court in its department. Defendants conclude that since each county clerk in New York City was an officer of each of the several courts for which he performed some of his official functions, *818 the Appellate Divisions, which oversaw those several courts, acceded to the powers of appointment set forth in the County Law.
Defendants attempt to support their original thesis by citing the various subsequent constitutional and statutory laws enacted by the Legislature to consolidate and complete the unification of the court system. In particular the defendants cite the passage in 1976 by the Legislature of section 39 of the Judiciary Law (Unified Court Budget Act) whereby defendants claim that the county clerks’ offices within the City of New York were expressly deemed to be part of the Unified Court System. Defendants explain that subdivision 1 of section 39 of the Judiciary Law provides that the State shall assume the expenses of the courts, listing them individually, but also included in the listing are “the county clerks’ offices in the city of New York and those portions of the county clerks’ offices outside the city of New York that perform services pursuant to the role of the county clerk as clerk of the court where the budgets of the political subdivisions separately identify those services”.
Defendants point out that section 39 further provides that all those employees listed under subdivision 1 are made employees of the State of New York (subd 6) and that their salaries, wages, hours and other terms and conditions of employment will be determined by court administrators as mandated by the Constitution and its implementing legislation.
Finally, defendants maintain that on April 1, 1978, a new section 28 of article VI of the State Constitution became effective, abolishing the Administrative Board of the Judicial Conference and delegating the Chief Judge of the Court of Appeals as the chief judicial officer, to supervise the administration and operation of the Unified Court System and to exercise such powers and duties as may be provided by law.
Thus, defendants conclude that the administrative control of the New York City county clerks’ offices, as well as other parts of the Unified Court System, shifted from the Appellate Divisions to the Chief Judge and Chief Adminis *819 trator and with it all the powers formerly held by said county clerks.
However, there is one glaring flaw in defendants’ argument which is fatal to their position. Nowhere in the statutory scheme which created the Unified Court System is there any language expressly repealing the County Law provisions upon which plaintiffs predicate their authority to appoint their deputies and counsel. Absent any definite expression of repeal, the power of appointment still remains with the respective county clerks unless it can be established that there has been a repeal by implication (Knapp v Monroe County Civ. Serv. Comm., 77 AD2d 817, mot for lv to app den 51 NY2d 708), and the court must be guided in its inquiry by the canons of statutory construction set forth in section 391 et seq. of McKinney’s Statutes (McKinney’s Cons Laws of NY, Book 1).
During oral argument, counsel for the defendants described the statutory authority relied upon by plaintiffs’ counsel, i.e., sections 908 and 911, etc., of the County Law, as “obsolete” and “outmoded”. There are, however, certain logical and rational presumptions which must be observed when on the threshold of such an allegation. “It is reasonable to presume that, if the Legislature intended such an important result as the repeal of a prior statute, such intent would have been expressed in plain words and not left to implication. Repeals by implication are not generally presumed, and the absence of an express provision in a later statute for repeal of an earlier statute gives rise to a presumption that repeal was not intended.” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 391, p 558; Matter of St. Joseph’s Hosp. Health Center v Axelrod, 74 AD2d 698, mot for lv to app den 49 NY2d 706; Matter of Stevens Med. Arts Bldg. v City of Mount Vernon, 72 AD2d 177.)
Repeal by implication results from some enactment, the terms and operation of which cannot be harmonized with the terms and necessary effect of an earlier statute (Matter of Brooklyn Children’s Aid Soc. v Prendergast, 166 App Div 852, affd 215 NY 705) and such repeals are not favored by the courts (Ball v State of New York, 41 NY2d 617; cf. McKinney’s Cons Laws of NY, Book 1, §§ 98, 144, 145, 391), since it is easy to state in express language that a *820 certain prior statute is repealed (Matter of Tiffany, 179 NY 455). The repugnancy between the statutes must be plain and unavoidable in order to work a repeal by implication (Cimo v State of New York, 306 NY 143) and courts will strain to avoid such a repeal (Matter of Nassau Ins. Co. [Epps — Public Serv. Mut. Ins. Co.], 63 AD2d 473). If by any fair construction, whether strict or liberal, a reasonable field of operation can be found for two conflicting acts, that construction should be adopted (Cimo v State of New York, supra). To avoid a repeal by implication, courts will variously construe a statute to keep it from conflicting with another (East End Trust Co. of City of Harrisburg v Otten, 255 NY 283) and when, by a fair construction some office or function can be assigned to both acts, or they confer different powers to be exercised for different purposes, both must stand as though they were designed to operate upon the same general subject (Locust Club of Rochester v City of Rochester, 29 AD2d 134, affd 22 NY2d 802).
A corollary principle of statutory construction provides that a special and local law is not impliedly repealed by a subsequent general law covering the same subject where the Legislature in enacting the latest statute was not dealing directly with the subject of the earlier special and local law (People v Maher, 92 Misc 50), the special law is part of a system of local administration, and a reasonable motive can be assigned for retaining the special and peculiar privileges of the special act (People v Maher, supra).
In the case at bar the later statutory and constitutional acts do not deal directly with the county clerks in terms of the issues presented in this action and therefore no intent to repeal same can be interpolated. Moreover, the County Law is part of a system of local administration and therefore not in conflict with the subsequent court acts.
“As a general rule, a special statute providing for a particular class of cases is not repealed by a subsequent statute general in its terms, provisions and application, unless the intent to repeal it is manifest, or unless the two are so completely inconsistent that they cannot operate together.” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 396, pp 568-569.) In fact, it has been demonstrated to this *821 court that the requisite portions of both statutes, i.e., the County Law and the Judiciary Law, have been peacefully coexisting until just recently and there is no inconsistency here which precludes giving effect to both statutes (People v Mann, 31 NY2d 253).
Applying the aforesaid rules of statutory construction to the case at bar, it becomes patently obvious that the provisions of the County Law in question have not been repealed by implication.
The subsequent court acts do not reveal a repugnancy between the constitutional and amendatory court acts and the County Law provisions dealing with the appointive power of the county clerks. There is absolutely nothing in the court reorganization legislation which even remotely indicates the legislative intent to usurp the power of the county clerks in choosing their confidential employees (deputies-counsel); if that was the intent, the Legislature would have made its intention clear by direct codification and as it can be seen, the Legislature has amended the County Law numerous times in recent years and in precisely the topical area in question herein, i.e., the duties of the county clerks (County Law, § 525) and most tellingly, even in the very area of the appointment and salary of New York City county clerks (County Law, § 908 [amd 1978]) yet no mention whatsoever of amendment, repeal, modification or limitation of the particular power of the county clerks in question herein is to be found nor has it been brought to this court’s attention by the defendants.
Defendants seek to spell out repeal of the County Law provisions of appointment by reference to the Unified Court Budget Act found in subdivisions 1 and 6 of section 39 of the Judiciary Law, where it provides that the State shall pay the expenses of the courts of the State, listing each court separately and then separately listing the county clerks’ offices in the City of New York, and those portions of the county clerks’ offices outside of the City of New York that perform services pursuant to the role of the county clerk as clerk of the court where the budgets of the political subdivision separately identify those services. From this, defendants conclude that all those agencies are deemed to be court and/or court-related agencies of the *822 Unified Court System subject to the control of the Chief Judge, including the right of appointment of all personnel. However, the very listing of the courts to be affected, separate and apart from the individual listing of the county clerk as a separate entity, clearly indicates that the county clerk was not to be considered as part of the Unified Court System. Reference in subdivision 6 of section 39 of the Judiciary Law, classifying as employees of the State all nonjudicial personnel including employees of court-related agencies is nothing but a simple declaration investing those employees with the status of State employees; it did not make them employees of the court system. The fact that this provision is found in the unified court budget section of the law would indicate that it is merely an administrative detail concerning the financial aspects of the State takeover of the court system and court-related agencies (related but not part of); nothing is stated nor can it be implied that this section of the Judiciary Law was intended to be an all-encompassing mandate regarding appointments, removals and other conditions of employment regarding the office of the county clerk.
Even if it may be assumed, arguendo, that there exists a conflict between the County Law and the various court reorganization acts regarding the appointment of the confidential personnel of the county clerk, the fact that those officers are considered State employees and are paid by the State and yet appointed by the county clerk under a separate statutory authority, would not do violence to the Unified Court System; it does not create such an impossible situation so as to conclude that the power of appointment granted to the county clerk under the County Law was repealed by implication (Cimo v State of New York, 306 NY 143, supra); the county clerk in the City of New York, a court-related agency will continue to exercise the traditional powers of his office which would not in any way impinge upon the operation of the State court system and therefore both may continue to function independently but not in conflict (People v Mann, 31 NY2d 253, supra).
Interestingly, in the delegation of administrative powers to the Chief Administrative Judge dated April 1,1978, the county clerk was expressly exempted from the power of the *823 Chief Administrative Judge regarding the appointment and removal of all nonjudicial officers and employees. (See Administrative Delegations of Chief Judge, 22 NYCRR 80.1 [b] [3], eff April 1, 1978.)
Moreover, the exemption of the county clerk in the aforesaid delegation of powers does not apply only to the county clerks outside the City of New York; the aforesaid delegation of power does not distinguish between county clerks within the city and those outside the city; neither can it be said that the Legislature intended such a dichotomous situation for whenever the Legislature intended such a distinction it carefully and explicitly made it. (See Judiciary Law, § 39, subd 1; Administrative Delegations, 22 NYCRR 80.2 [a] [1], [2].)
The expressed good intentions of the Office of Court Administration of the State of New York and the Chief Administrative Judge of the courts in seeking uniformity of control of the New York City county clerk personnel and personnel selection, the merits of said approach notwithstanding, do not compensate for the absence of required legislative action. The appointment authority involved herein was created by acts of the Legislature of the State of New York and accordingly can only be abolished by appropriate legislation.
Pursuant to the pleadings submitted, the oral argument of counsel, and the circumstances herein, as a matter of law, sections 911 and 912 of the County Law, and the authorities cited by counsel, mandate a ruling that the county clerks involved herein had, due to their unique status, the power and authority of appointment with respect to the personnel in question herein of the county clerks’ offices within the City of New York, which power was enacted by the Legislature and was in no way repealed or diminished, either expressly or by implication, by subsequent statutory or constitutional enactments.
Accordingly, plaintiffs’ motion for summary judgment is granted in all respects and defendants’ cross motion for similar relief is denied. Defendants’ motion for a change of venue is denied. Defendants’ alternative motion directing that plaintiffs respond to defendants’ interrogatories is *824 denied and plaintiffs’ motion for a protective order vacating said interrogatories is granted in accordance with the opinion herein.

. In Richmond County the county clerk also records instruments affecting real property (Administrative Code of City of New York, § 1052-12.0).

. Cf. defendants’ mem of law, p 13.