Rafael **SANTIAGO**, Plaintiff,

v.

**NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES and Dr. Melvin J. Steinhart, Defendants.**

**No. 89 CIV. 2069 (RPP).**

United States District Court,
S.D. New York.

April 12, 1990.

**654**

Robert Abrams, Atty. Gen., State of New York, Dept. of Law, New York City, Harvey Golubock, Marilyn T. Trautfield, for defendant New York State Dept. of Correctional Services.

Martin, Clearwater & Bell, New York City, Barbara Goldberg, Richard A. Young, for defendant Dr. Melvin J. Steinhart.

Michael H. Sussman, Yonkers, N.Y., for plaintiff.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Defendants New York Department of Corrections (DOCS) and Dr. Melvin J. Steinhart (Steinhart) move for reargument, pursuant to Local Rule 3(j) of the Southern District of New York, of this Court's Opinion of November 29, 1989 725 F.Supp. 780 (the Opinion). The Opinion denied in part defendants' motions to dismiss the complaint of Rafael Santiago (Santiago), a hispanic employee of DOCS seeking redress for damages incurred as a result of alleged federal constitutional violations by defendants.

Under Rule 3(j), a motion for reargument must "set[ ] forth concisely the matters or controlling decisions which counsel believes the court has overlooked." The Court finds that the arguments in defendants' memoranda fail to satisfy this standard and therefore the motion is denied.

DOCS argues that the Opinion neglected to take into account holdings limiting the viability of direct actions under the Fourteenth Amendment against a State agency. DOCS relies on rulings that when a claim against a State falls within the scope of Section 1983 then the claim cannot be brought directly under the Fourteenth Amendment. Those cases are not applicable here, because plaintiff's claim against the State agency is not within the scope of Section 1983. A Section 1983 claim against the State is unavailable here because the intention of Congress in enacting Section 1983 was not to include State agencies within the term "person." [1] *See Will v. Michigan Dept. of State Police,* —— U.S. ——, 109 S.Ct. 2304, 2308, 105 L.Ed.2d 45 (1989). After a similar Supreme Court holding in *Monroe v. Pape,* 365 U.S. 167, 191, 81 S.Ct. 473, 486, 5 L.Ed.2d 492 (1961) ("we cannot believe the word 'person' was used in this particular Act [Section 1983] to include" municipalities), that Section 1983 did not cover suits against municipalities, the Second Circuit made the analogous ruling that a direct action under the Fourteenth Amendment was permitted against municipalities. *Turpin v. Mailet,* 579 F.2d 152, 156–58 (2d Cir.1978) (en banc) (*Turpin I*).[2] *See also Ellis v. Blum,* 643 F.2d 68,

---

**1.** Title 42 U.S.C. § 1983 provides:

Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

(emphasis added).

**2.** Of course, that aspect of *Monroe v. Pape* was later overturned in *Monell v. Dept. of Social Services,* 436 U.S. 658 [98 S.Ct. 2018, 56 L.Ed.2d 611] (1978). The Supreme Court vacated *Turpin I* and remanded for reconsideration in light of the *Monell* decision. *City of West Haven v. Turpin,* 439 U.S. 974 [99 S.Ct. 554, 58 L.Ed.2d 645] (1978). Under the *Monell* decision, the claim in *Turpin I* now fell within the scope of Section 1983. Consequently, the Second Circuit in *Turpin II* changed its ruling on the question of whether Turpin could bring a direct claim under the Fourteenth Amendment. *See Turpin*

83–84 (2d Cir.1981) (direct constitutional action against state defendants).

DOCS also contends that the Opinion incorrectly ruled that the Eleventh Amendment did not bar all of plaintiff's claims, because plaintiff may try to obtain recovery in the New York Court of Claims. That argument rests on the meritless assumption that the Fourteenth Amendment's intention was to have State violations of the federal equal protection clause referred to state forums.

Dr. Steinhart's submissions set forth no new arguments. The Court refers counsel to the cases cited in the Opinion and to *West v. Atkins,* 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988), for explanations of why the allegations against Dr. Steinhart fall within the definitions of state action and "under color of state law."

Since defendants have failed to identify controlling decisions or other matters which the Court overlooked in the Opinion, the motions are denied in their entirety.

SO ORDERED.

*v. Mailet,* 591 F.2d 426 (2d Cir.1979) (en banc)